IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:15-CR-141-DJH |
| ) | Electronically Filed |
| MATTHEW B. CORDER ) | |

JOINT MOTION FOR A SUPPLEMENTARY JURY QUESTIONNAIRE

The parties agree that a searching voir dire is particularly important in this case because this case involves the sensitive and potentially polarizing issue of law enforcement misconduct. To aid the Court and parties in seating an impartial jury, the United States and the Defendant submit this joint motion respectfully requesting an order authorizing the use of the agreed-upon supplement, attached as an exhibit to this filing, to the standard jury questionnaire.

**BACKGROUND**

The Defendant is charged with two counts of willfully depriving D.B., a Louisville resident, of his constitutional rights under color of law, in violation of 18 U.S.C. § 242. Count One of the Indictment alleges that the Defendant seized and arrested D.B. without probable cause to believe that D.B. committed a crime, and unlawfully entered D.B.'s home to effect the seizure and arrest. Count Two alleges that the Defendant charged D.B. with the offenses of "disorderly conduct" and "fleeing and evading" without probable cause to believe that D.B. committed those crimes, and knowingly included false and misleading information in the charging document that caused D.B. to be detained in jail pending resolution of the charges, which were eventually dismissed.

## **ARGUMENT**

Requesting additional information from potential jurors through a juror questionnaire will aid the Court in seating an impartial jury and speed up the jury selection process. Public attitudes about the police are becoming increasingly polarized, making it difficult for those on the far end of either side of the spectrum to be fair and unbiased jurors in a case of this nature. Additionally, the parties anticipate it is possible some potential jurors may have preconceived notions about the Defendant or this specific incident, due to the pretrial publicity in this case, as well as the publicity associated with past incidents involving the Defendant.[1]

Given the nature of the charges against the Defendant, the United States believes that a jury questionnaire will allow for a more efficient jury selection process by: (1) providing counsel with more information concerning each prospective juror, thereby expediting the voir dire process and enabling the parties to exercise their challenges intelligently; (2) protecting the privacy interests of prospective jurors; and (3) ensuring that the venire panel is not tainted by the bias or prejudice of any single potential juror.

The purpose of voir dire "is to afford the parties a trial by a qualified, unbiased, and impartial jury." Harold v. Corwin, 846 F.2d 1148, 1150 (8th Cir. 1998). To serve that end, Federal Rule of Criminal Procedure 24 vests in district courts broad discretion to control the nature and extent of the examination of potential jurors. See FED. R. CRIM. P. 24. This discretion extends to the decision to submit a jury questionnaire to prospective jurors prior to trial. United States v. Quinones, 511 F.3d 289, 300 (2d Cir. 2007) (noting that the use of a jury questionnaire

---

[1] During his career as a police officer, the Defendant received prior publicity for investigations related to his alleged use of excessive force against arrestee Adrian Reynolds, and his prosecution in state court for alleged misconduct arising out of his arrest of a tow-truck driver who was lawfully repossessing the Defendant's personal vehicle. The Indictment in this case has already generated pretrial publicity. See, e.g., Beth Warren, *Fired Bullitt Deputy Had Troubled LMPD Tenure*, THE COURIER-JOURNAL, Dec. 18, 2015, available at http://www.courier-journal.com/story/news/local/2015/12/18/fired-bullitt-deputy-had-troubled-lmpd-tenure/77513080/. The parties' concerns are not hypothetical: the initial state-court prosecution arising out of the repossession incident resulted in a mistrial after a juror overheard a woman in the hallway discussing the Defendant's character.

2

"as a preliminary screening tool falls well within the district court's broad discretion in conducting voir dire").

A jury questionnaire is especially valuable in cases, such as this one, involving the sensitive and potentially polarizing issue of police misconduct. See, e.g., United States v. McRae, No. 10–154, 2014 WL 2468559, at *4 (E.D. La. June 2, 2014) ("The parties [in this police brutality prosecution] were well aware of the ongoing media exposure when they proceeded with the lengthy questionnaire and voir dire process by which an impartial jury was empanelled."); United States v. Causey, 185 F.3d 407, 430 (5th Cir. 1999) (noting that jury questionnaire improved voir dire in a police brutality prosecution because it gave both sides "a great deal of insight into the potential jurors' views"). It is particularly "helpful in identifying jurors with views so extreme that they c[an] be readily excused for cause," id., thereby "conserv[ing] judicial resources by saving a substantial amount of time relative to a jury selection process in which the entire voir dire is conducted orally," United States v. Ashburn, No. 13–CR–0303 (NGG), 2014 WL 5800280, at *18 (E.D.N.Y. Nov. 7, 2014).

The parties have agreed upon the attached proposed supplementary questionnaire. If the Court grants this motion, the United States respectfully requests that questionnaire responses be furnished to the prosecution and the defense one week before trial, if practicable.

For the foregoing reasons, the parties respectfully request an order authorizing the use of the attached agreed-upon supplement to the standard jury questionnaire.

                              Respectfully submitted,

*For the United States*:    VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF
JUSTICE

*s/ Christopher Perras w/ permission*
Christopher Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
(202) 353-1130

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

*For the Defendant*:    *s/ Donald J. Meier w/ permission*
Donald J. Meier
Western Kentucky Federal Community
Defender, Inc.
629 Fourth Avenue, Suite 200
Louisville, KY 40202
(502) 584-0525
Fax: (502) 584-2808

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel to the defendant.

                                      *s/ Amanda E. Gregory*
                                      Amanda E. Gregory
                                      Assistant U.S. Attorney