**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:15CR-141-DJH**
**UNITED STATES OF AMERICA,**                                                              **PLAINTIFF,**

**vs.**

**MATTHEW B. CORDER,**                                                                  **DEFENDANT.**

**MOTION *IN LIMINE* TO PROHIBIT TESTIMONY REGARDING THE EXISTENCE OF PROBABLE CAUSE AND FOR A FINDING THAT, AS A MATTER OF LAW, PROBABLE CAUSE EXISTED IN THIS CASE**

Comes the defendant, by counsel, and objects to the government calling **any** witness, expert or otherwise, to present evidence that the defendant did not have probable cause to arrest D.B. on October 22, 2014. The defense asserts that the issue of probable cause for arrest on that occasion has been established previously, by valid court order. The defendant moves the Court *in limine* to prohibit such testimony.

The arrest of D.B. on October 22, 2014 forms the basis of the charges in the above styled case. The individual who was arrested on that occasion, D.B., was charged with fleeing or evading arrest second degree, resisting arrest, and disorderly conduct in state court. (See *attachment #1*). These charges were later dismissed, without prejudice, by Agreed Order, on December 8, 2014. (See *attachment #2*). The Order, signed by the prosecutor and counsel for the defendant, notes that probable cause was stipulated by the parties. Given the statute

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

of limitations in Kentucky, that order is now final, as the prosecution for these offenses is now prohibited. *KRS 500.050(2)*.

The defense asserts that, as a matter of law, the issue of whether there was probable cause to arrest D.B. on October 22, 2014 has been established in favor of the defendant in this case. The order of October 22, 2014, unequivocally makes it clear that there was probable cause for arrest in that instance. (*Attachment #2*). Thus, the government is collaterally estopped from re-litigating this issue. Collateral estoppel "... means simply that when an issue of ultimate fact has once been determined by a valid and final judgement, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436 (1970). Such is the case here, by agreement of the parties, and memorialized by court order. It is a final judgment now, as the statue of limitations has passed on recharging D.B. for this offense.

Additionally, or in the alternative, the doctrine of "law of the case" also prohibits re-litigation of this issue. When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. *Arizona v. California*, 460 U.S. 605, 618 (1983). While this case is not technically the same proceeding, it is essentially the same factual situation, and is an offshoot of the original case. As such, this court should grant deference to the decision of the state court.

Therefore, the jury in this case should be instructed, as a matter of law, that probable cause existed for the October 22, 2014 arrest of D.B.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

/s/Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant.

## **CERTIFICATE**

 I certify that on May 9 , 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Hon. Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

/s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808