**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:15CR-141-DJH**
**UNITED STATES OF AMERICA,**                                                                 **PLAINTIFF,**

**vs.**

**MATTHEW B. CORDER,**                                                                              **DEFENDANT.**

**OBJECTION TO EXPERT WITNESSES OF THE**
**UNITED STATES AND MOTION *IN LIMINE***

Comes the defendant, by counsel, and objects to the calling of Shawn Herron, John Cottrell, Mark Riley, Wendell McBride, or other individuals as expert witnesses by the United States to testify—as proffered by the United States—to the issue of whether the defendant had probable cause to arrest D.B., or whether there was a constitutional basis to enter D.B.'s home. The defense further objects to any attempts by the government to introduce this same testimony under the guise of how the particular facts of the arrest in question in this case conform with the rules, regulations and policies that were taught at various criminal justice training classes. Defendant moves the Court *in limine* to prohibit such testimony.

At trial, it appears that the issue of whether there was probable cause for Officer Corder to arrest D.B. will be an important, threshold issue. If there was not probable cause, the issue of whether Officer Corder, the defendant, had the requisite mental state required by

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

the statute, *i.e.* whether he acted willfully in depriving D.B. of his constitutional rights during his arrest/seizure will be crucial to the case. Defendant objects to permitting any of the above witnesses to testify and to state opinions regarding whether there was probable cause to arrest D.B., as well as opinions and inferences that defendant in fact had the requisite mental state of *willfully* depriving D.B. of his constitutional rights during the course of such arrest. This would be prejudicial error.

At the outset, it should be noted that the defense asserts that the doctrine of collateral estoppel, and/or law of the case precludes the re-litigation of the issue of whether probable cause existed for the October 22, 2014 arrest of D.B. The charges for which Officer Corder arrested D.B. (which is the arrest in question in this case) were dismissed by the Bullitt County District Court by order entered on December 8, 2014, in case number 14-CR-01078. The Court dismissed the case, without prejudice, while noting that the parties stipulated the existence of probable cause with respect to the charges in the case. This issue will be addressed by separate motion.

### The issues of probable cause and the constitutionality of entering D.B.'s home is not properly the subject of expert testimony

Should this Court disagree with the above mentioned defense position regarding collateral estoppel, or law of the case, the defense believes any opinion testimony regarding the existence of probable cause, or the defendant's intent relating to probable cause or entry into D.B.'s home would constitute prejudicial error. The issue of whether or not probable

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

cause to arrest exists, or whether there was a constitutional bases to cross the threshold of D.B.'s home is a legal determination that is not properly the subject of expert opinion testimony, *Rizzo v. Edison, Inc.*, 419 F.Supp. 2d 338 (W. D. N.Y. 2005), *Torres v. City of Los Angeles*, 548 F.3d 1197 (9th Cir. 2008), *Peterson v. City of Plymouth*, 60 F.3d 469 (8th Cir. 1995). In *Estes v. Moore*, 993 F.2d 161 (8th Cir. 1993), the Court held that "(e)xpert opinion testimony is only admissible if it 'assists the trier of fact to understand the evidence or determine a fact in issue. . . .The proposed testimony was, therefore, not opinion testimony but rather it was a statement of a legal conclusion." *(citing* Fed R Evid 702, *U.S. v. Campbell*, 843 F.2d 1089, 1092 (8th Cir 1988)).

### Opinion regarding the defendant's adherence to law enforcement rules, regulations and training also amount to an impermissible expert opinion regarding probable cause or illegal entry

The government has indicated, both in its discovery response on January 5, 2016, and in subsequent conversations with defense counsel, that it planned to call the above listed witnesses to testify regarding training the Officer Corder received on constitutional law, the Kentucky Penal Code, and applicable rules and regulations, and "how those rules and regulations would apply to the incident charged in the Indictment" (page one, discovery letter dated January 5, 2016). This is merely a guise intended to "backdoor" the very opinion testimony that is inadmissible for the reasons stated above. In *Stuart v. United States*, 23 F.3d 1483 (9th Cir. 1994), the plaintiff sought to tender an expert to testify about whether the Border Patrol agents' decision to stop a person suspected only of illegal immigration violated

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

standard police procedures under the circumstances of that case. The claim was that this was necessary to an understanding of the issue of negligence. The Court held that "(t)he questions that illicited the objections appeared to seek an opinion on whether probable cause existed (to stop the car involved)-a question that (the expert) was not as well-qualified as the trier of fact to answer." *Stuart, id*, at 1487.

### The proposed expert testimony is prohibited by Fed R. Evid 702

The defendant also objects to this testimony as being in violation of Federal Rule of Evidence, Rule 702, and 704. Expert testimony is governed by Article VII of the Federal Rules of Evidence. Fed.R.Evid. 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue:
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the Supreme Court held that expert testimony is admissible under Rule 702 only if it is both relevant and reliable and assigned "to the trial judge the task of ensuring that an expert's

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.*, at 597. This "gatekeeping" obligation "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). While this Court's "ultimate reliability determination" and the methodology it applies to make that determination are entitled to "broad latitude", Id., the trial judge is nevertheless restricted by the Supreme Court's holding that the word "knowledge" as used in Rule 702 "connotes more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S., at 590. Yet, this is most likely *all* that the so-called expert testimony will be based upon. The existence of probable cause in every case, and especially a case involving disorderly conduct, is highly dependant upon personal observation of the incident. The circumstances of a person shouting an obscenity can have many different contexts, and may or may not constitute illegal behavior. Unless an individual is present to witness to the volume of the shouting, the actions of the alleged perpetrator, and surrounding circumstances of the behavior, there cannot be sufficient facts or data available to form an accurate opinion. Opinions and inferences that facts and circumstances that the experts did not see must have a basis other than his personal subjective belief and unsupported speculation.

      Likewise, intent can only be determined on a case-by-case basis from an examination of all of the surrounding circumstances—which is precisely what the <u>jury</u> is charged to do. Unsupported and speculative opinions and inferences cannot constitute "scientific, technical, or other specialized knowledge" that would "assist the trier of fact" as reqired by the rule.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## The proposed expert testimony is prohibited by Fed R. Evid 704(b)

Even if Rule 702 is satisfied, it is defendant's contention that the proffered testimony would violate the specific prohibitions of Fed.R.Evid. 704(b) which limit the form of otherwise admissible expert opinion or inference. Rule 704(b) provides that

> [n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed.R.Evid. 704(b).

Even the Sixth Circuit has generally agreed that Rule 704(b) is not limited to insanity issues or to defenses, but that it also addresses the culpable mental state which is an element of the offense charged; and it has stated that an expert's testimony violates Rule 704(b) if it states an opinion or inference as to whether the defendant in a criminal case "had the specific criminal intent" necessary for the charged crime or had the "requisite intent for a conviction." *United States v. Cox*, 826 F.2d 1518, 1524-1525 (6th Cir. 1987), *cert denied*, 484 U.S. 1028 (1988).

The so called experts' proffered testimony would clearly constitute an opinion or inference that defendant had "the specific criminal intent" necessary for the charged crimes or had the "requisite intent for a conviction." *United States v. Cox*, 826 F.2d at 1524-1525. In this case, the witnesses seek to state an opinion that defendant **willfully** seized D.B., and illegally entered his home, without probable cause. Those are opinions only a jury can state in its verdict.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

/s/Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant.

## CERTIFICATE

I certify that on May 9 , 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Hon. Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

/s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808