UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

**CRIMINAL NO. 3:15CR-141-DJH**
**UNITED STATES OF AMERICA,**                                                     **PLAINTIFF,**

**vs.**

**MATTHEW B. CORDER,**                                                             **DEFENDANT.**

### DEFENDANT'S OBJECTION TO 404(b) EVIDENCE
### PROFFERED BY THE UNITED STATES

Comes the defendant, by counsel, and objects to introduction at the trial herein of evidence identified in the government's notice of intent to introduce evidence pursuant to FRE 404(b). (DN 21, Government's Motion to Admit 404(b) Evidence). Defendant moves the Court to prohibit the United States from introducing at trial any evidence of any alleged crime or other bad act not charged in the indictment. This motion is made pursuant to FRE 403 and 404(b), the Due Process Clause of the Fifth Amendment, and the Fair Trial Clause of the Sixth Amendment. In support, defendant states as follows:

### Introduction

Mr. Corder is charged with willfully depriving D.B. of his constitutional rights, under color of law, by 1) seizing D.B. without probable cause, and in so doing, unlawfully entering his home, and 2) engaging in malicious prosecution by charging D.B. with

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

"disorderly conduct" and "fleeing and evading" without probable cause for those offenses, and knowingly including false and misleading information in the charging documents for those offenses.

The above incident occurred in the late evening of October 22, 2014, into the early morning hours of the next day. On that occasion, Officer Corder, who was on duty as a deputy with the Bullitt County Sheriff's Department, had just cleared a run on an unrelated incident, when he encountered D.B., who was loudly yelling obscenities at Officer Corder. This occurred near the street in front of the trailer located on lot #140. The issue for D.B. was apparently his displeasure over Corder being parked in the spot D.B. preferred. This occurred late at night (nearly midnight), in a residential trailer park neighborhood, where homes were located in close proximity to each other. D.B. continued to yell loudly at Officer Corder, and in an effort to determine the reason for D.B.'s strange, disorderly behavior, and to possibly calm D.B. down, Officer Corder ordered D.B. to stop, and come to him. D.B. refused to do so, and ran into the nearby trailer. Corder went to the door, knocked, and D.B. answered, although he refused directions to come out of the open doorway. D.B. continued to refuse to comply with the commands of Officer Corder, and he was eventually handcuffed after a struggle that required the use of a taser. He was placed under arrest and charged with Disorderly Conduct (*KRS 525.060*), Resisting Arrest (*KRS 520.090*), and Fleeing and Evading 2nd Degree (*KRS 520.100*).

On December 8, 2014, the charges against D.B., who was represented by legal counsel, were dismissed, without prejudice, and the parties stipulated that probable cause

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

for the arrest of D.B. existed.

The government is correct in its assessment that there will be an issue at trial regarding whether Officer Corder had specifically intended to deprive D.B. of any constitutional right on the evening in question. However, the conduct that is in question in this case relates to whether Officer Corder had the specific intent to arrest D.B. without probable cause, to cross the threshold of D.B.'s home in effecting the arrest knowing that he had no legal justification, and to later falsify the arrest citation in support of the arrest. The unrelated acts of many years ago that the government seeks to introduce in this case are **not** "strikingly similar", nor do they advance the proof regarding whether Officer Corder had the specific intent to violate D.B.'s constitutional rights by arresting him without probable cause, and enter his home illegally while effecting this arrest.

The government in this case seeks to introduce evidence of two unrelated incidents that occurred, in one instance, nearly twenty years ago, and in the other, over thirteen years ago.

In the first instance on June 2, 1997, Officer Corder made an arrest for reckless driving. J.W. was driving a large van that was attempting to drive around slow traffic on I-265 by circling not only the traffic on the driving lanes, but by swerving outside the emergency lane, where Officer Corder was attempting to stop such driving, and on to the grass to the side. There was no issue in this case regarding an entry into a home. Officer Corder was off duty at the time, and there did not appear to be any dispute regarding the existence of probable cause to charge and arrest J.W. Rather, it appears that the issue was

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

surrounding Officer Corder's use of "pepper spray" in effecting the arrest of J.W., and whether or not that constituted excessive force. These are not issues in the case before this court.

The second instance was on the evening of October 8, 2002, and also occurred when Officer Corder was off duty. Officer Corder was at the home of his then wife. While he was also the owner of this residence, the couple was having marital problems at that time, and Corder was not living there. Upon looking out of the window, Corder noticed individuals surrounding the car in his driveway, which he and his then wife owned. Thinking that the car was being stolen, he rushed outside, and briefly handcuffed one of the individuals who was operating a tow truck which was being used to take the car. It turned out that the individuals in the driveway were in fact there to repossess the car, for which payments had fallen behind.

As noted by the government, Corder was charged criminally for the conduct relating to that incident, and acquitted. Additionally, the Louisville Metro Police Department Office of Professional Standards (Internal Affairs) conducted an investigation into this situation. Internal Affairs investigated, and *exonerated* Officer Corder for any conduct that evening relating to policies and procedures regarding use of force, drawing his gun, and forcing the suspects to the ground. Internal Affairs investigated, and *exonerated* him for conduct relating to the "stop and frisk" and resulting detention of the suspects. The charge relating to abuse of authority, for which he was eventually terminated, involved the finding that Officer Corder had allegedly agreed to release the repossession workers, in exchange for

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

personal advantage (their agreement not to repossess the car that night). Once again, this allegation does not bear any relevance to the conduct at issue in the above styled case.

### Fre 404(b) Analysis

It has long been the rule that evidence of criminal activity other than that charged in the indictment is inadmissible absent an enumerated exception under FRE 404(b). *See, e.g., United States v. Davis*, 707 F.2d 880, 884 (6th Cir.1983); *United States v. Reed*, 647 F.2d 678, 686 (6th Cir.), *cert. denied sub nom. Lawson v. United States*, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981); *United States v. McFadyen-Snider*, 552 F.2d 1178, 1183 (6th Cir.1977); *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir.1976), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1117, 51 L.Ed.2d 546 (1977); *United States v. Ring*, 513 F.2d 1001, 1004 (6th Cir.1975). These exceptions are: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. FRE 404(b). Before admitting such evidence, the Court must determine that the evidence is admissible for one of these specific purposes under FRE 404(b), and that the probative value of the evidence outweighs its potential prejudicial effects under FRE 403. *See, e.g., United States v. Dabish*, 708 F.2d 240, 242 (6th Cir.1983); *United States v. Vincent*, 681 F.2d 462, 465 (6th Cir.1982). Even if "other acts" evidence is arguably admissible for one of the delineated exceptions of FRE 404(b), there is still great danger that a defendant will be convicted solely because of the "other bad acts evidence," and not because of the proof of the charged crime. Therefore, the use of 404(b) evidence must be carefully circumscribed and limited and the government must "articulate precisely the evidential hypothesis by which the consequential fact [at issue

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

in the trial] may be inferred from the proffered evidence," before the District Court may consider introduction of Rule 404(b) evidence before the trier of fact. *Weinstein's Evidence*, ¶ 404[8]. The question is whether the government can show that the evidence proves a material fact without requiring any inference of the defendant's criminal disposition. 22 *Wright & Graham, Federal Practice & Procedure*, § 5239.

In the Sixth Circuit, the admissibility of FRE 404(b) evidence is governed by a four prong test. First, the trial court must determine that the defense was given proper notice under FRE 404(b). Second, the Court must make a preliminary determination as to whether sufficient evidence exists that the "other act" occurred. Third, the court must make a determination as to whether the "other act" is admissible for a proper exception listed in FRE 404(b). Fourth, the court must determine whether the "other acts" evidence is more prejudicial than probative under FRE 403. *United States v. Gessa*, 971 F.2d 1257, 1261-62 (6th Cir.1992); *United States v. Mack*, 258 F.3d 548 (6th Cir. 2001).

### Proper Notice

Counsel received notice of the events the government seeks to add to this litigation. However, the vague assertion that "(a) decade later, the government has obtained newly discovered evidence establishing that Defendant Corder . . . lied under oath during the trial" (*DN 21, Government's Motion to Admit 404(b) Evidence, p 8*) is lacking in sufficient details to allow for proper analysis. The defense is requesting notice regarding the nature of this alleged information.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

### Sufficient Evidence Other Acts Occurred

It appears that the government is planning to call witnesses who observed the conduct that is alleged in these prior incidents. However, the alleged relevance of these long ago acts lies supposedly in advancing the government's theory that Officer Corder had the specific intent in this case to deprive an individual of his civil rights by arresting without probable cause, and entering a home illegally in effecting such arrest.

Thus, it is not just a question of whether a particular incident occurred, but rather a complicated and detailed question of analyzing all the surrounding sequence of events, and how they interrelate, in order to put Officer Corder's actions in the proper context, and thereby shedding light on intent. The October, 2002 repossession incident, for example, resulted in a multi-day trial. The jury's decision was made after viewing, and assessing the credibility of multiple witnesses. The jury in this case would need virtually all of this testimony in order to properly judge whether there was any relevance here. The 1997 reckless driving incident would likewise require the testimony of several witnesses. The result would be to essentially try three unrelated cases, instead of one relatively uncomplicated case. The undue delay, and resulting confusing would be contrary to *Federal Rule of Evidence, Rule 403*.

### Proper Purpose

Evidence of other crimes, wrongs or acts must be offered for a proper purpose other than the defendant's propensity to commit the crime charged. The Sixth Circuit has explained the proper analysis for evaluating such in *United States v. Haywood*, 280 F.3d

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

715,(6th Cir. 2002):

> Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or "in issue," and (3) the evidence is probative with regard to the purpose for which it is offered.

Here, the government states its purpose is to use the highly prejudicial evidence of bad character to prove that the defendant had specific intent to arrest D.B. without probable cause, and to thereby illegally enter his home. The government claims that these prior unrelated incidents are "strikingly similar", and thus probative of a central non-character issue regarding Corder's specific intent to deprive D.B. of those rights. In fact, the government is comparing apples to oranges. Ironically, the point made by the government in its motion best illustrates the defense argument to exclude this evidence.

> *The probative value of other-act evidence offered as proof of intent increases with the number and the similarity of the other acts. . . For example, in a health-care fraud case, evidence that the defendant committed a single act of tax fraud would not be especially probative of his intent to commit health care fraud; it would show that he is a man capable of fraud, but not much more. By contrast, evidence that the defendant had been convicted of several similar health-care-fraud schemes would have a much higher probative value; it would show that he had the specialized knowledge to perpetrate the scheme, would indicate that he was on notice that such conduct violates the law, and would reduce the likelihood that (he) acted innocently or by mistake. (DN 21, Government's Motion to Admit 404(b) Evidence, p 11)(Citations omitted).*

*Traffic-stop incident*

This incident, which happened nineteen years ago, was a legitimate stop and arrest for reckless driving. It can hardly be argued that passing traffic on the expressway by circling into the grass is not reckless driving. Likewise, the police have authority to arrest for that offense. The civil lawsuit that was filed alleged that during the arrest of J.W. (the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

8

alleged reckless driver), there was excessive force applied, *i.e.* pepper spray, or mace, which violated J.W.s civil rights. Officer Corder denied the force was excessive, but did not deny that it occurred. Somehow, the government maintains that this advances the argument that, almost twenty years later, Officer Corder had the intent to arrest an individual without probable cause, and, in doing so, to illegally enter his home. There was no issue regarding that type of behavior in the above styled case.

The argument that this 1997 traffic stop incident somehow put Mr. Corder on notice that his behavior in this 2014 case was illegal is likewise flawed. First, as already noted, it is alleged behavior of a different type, excessive force. Secondly, Officer Corder has no knowledge of ever being sanctioned, punished, or reprimanded for his conduct at the traffic stop. There is no indication that there was any admission of wrong doing associated with the civil lawsuit, and even if there was, it would appear to revolve around the alleged forced used. Not only was Officer Corder not on notice that his conduct at the traffic stop was illegal, it did not even appear to warrant negative criticism by his superiors.

*The repossession incident*

The October, 2002 repossession incident also occurred while Officer Corder was off duty. There was an internal affairs investigation, as well as criminal charges in state court in relation to this incident. He was acquitted of the criminal charges. The government points out that the fact that he was acquitted, alone, does not preclude introduction of this evidence. In fact, FRE 403, and 404(b) preclude its introduction. Once again, the issue is **not** whether the incident occurred, but rather, whether the prior incident properly furthers

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

9

the government contention that Corder had specific intent to deprive the rights of D.B. to be free of arrest without probable cause, and not be subject to illegal entry in this case. As to the jury verdict, certainly Corder was not placed on notice that his 2002 conduct was illegal, as the jury clearly did not make such a finding. As to the internal affairs investigation into the same incident, Officer Corder was investigated, and specifically *exonerated* as to his use of force, brandishing a weapon, and the detention/stop and frisk of the individuals who were attempting to repossess his car. Clearly then, he was not on notice that his conduct relating to effecting the detention of the suspects in the repossession case was contrary to police policies. Rather, it was not contrary to police policies. He was disciplined (fired) for an abuse of authority issue that revolved around his allegedly using his police authority to make a deal that benefitted him personally.[1] This is conduct that bears no relation to the case before this court.

Placing these incidents within the context of the tax fraud/ health care fraud example provided by the government in its motion, Officer Corder conduct would, in the best light for the government , be analogous to the health care fraud defendant, who has allegedly committed tax fraud in the past. These prior incidents, at the very best, can show that Officer Corder has over the course of hundreds, if not thousands of arrests, been involved in a few that have upset the arrested party. These people have alleged, but not established that Officer Corder used excessive force in prior arrests. In this case though, the prior

---

[1] There was testimony that Officer Corder agreed to release the tow truck operator in exchange for their agreement to discontinue the attempt at repossessing the car.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

conduct has not been established as illegal, and additionally, it has not even been shown to be against police policy in any way that relates to the alleged illegal conduct in the case before this court. Furthermore, and most importantly, there is nothing about the reaction of his superiors that in any way put Officer Corder on notice that his conduct in effecting the arrest of these individuals was illegal. Introducing these unrelated, incidents from long ago, do nothing more than support the government's effort to present Officer Corder's character in the worst light possible, which is precisely the motive forbidden by the Rules of Evidence.

### Relevance and Unfair Prejudice

Recognizing the substantial likelihood that a jury will misuse evidence of other crimes to conclude that a defendant is a "bad person" who deserves to be convicted, FRE 403 provides yet another hurdle for the prosecution to clear before such evidence can be admitted. That rule permits the court to exclude the evidence if its probative value is substantially outweighed by its potential for unfair prejudice, confusion of the issues, or likelihood for misleading the jury. FRE 403 therefore protects a defendant from that admission of possibly relevant evidence that is yet overly prejudicial and confuses or influences a jury to the extent that a guilty verdict may be rendered in part because a defendant is considered a criminal due to his "other acts." FRE 403 reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

11

The proffered evidence at issue is irrelevant and unfairly prejudicial. The proffered evidence serves to do what 404(b) seeks to prohibit—to cast the defendant in a disparaging light. Further, any arguable relevance is outweighed by the substantial prejudice to the defendant. Having to essentially defend additional alleged bad acts only prejudices defendant in the eyes of the jury. No curative instruction or the like can remedy this problem.

## Conclusion

The government's attempt to introduce the proffered evidence is a thinly veiled attempt to do exactly what 404(b) prohibits—to offer proof of defendant's bad character in order to prove he acted in a similar fashion in this case. Regarding this situation, the Third Circuit in *United States v. Himelwright*, 42 F.3d 777 (3rd Circuit 1994), held:

> **Despite our characterization of Rule 404(b) as a rule of admissibility (citation omitted) we have expressed our concern that, although the proponents of Rule 404(b) evidence "will hardly admit it, the reasons proffered to admit prior act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character."** *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir.1994) (quoting *Sampson*, 980 F.2d at 886). Thus, when evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged. *Jemal*, 26 F.3d at 1272. But even where the proffered evidence tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect. [Footnote omitted] As a result, once the proponent articulates a permissible purpose under Rule 404(b), the district court must weigh the probative value of the evidence against its potential to cause undue prejudice.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

> *Id.* at 781 - 82.
>
> . . . . **Accordingly, we conclude that the forbidden purpose which lay barely beneath the surface of the government's argument--the likelihood that Himelwright committed the offense based on an inference of his intent drawn from evidence pertaining to his character (his possession of two firearms)—renders the evidence inadmissible under Rule 404(b).** Id. See also *Archibald*, 987 F.2d at 185; cf. *Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988). *Id.* at 783.

Finally, admitting these allegations also directly affects Mr. Corder's Fifth Amendment Right to refuse to testify. It is one thing for a jury not to consider a defendant's choice not to testify about the single charge of the indictment, it is quite another for a jury to ignore the fact that the defendant did not testify about the charge *and* other charges. Of course, it is likely an all or nothing proposition for defendant to either testify about all the allegations, or not to testify at all. To put it another way, if defendant does not testify regarding the instant charge, counsel is comfortable that the Court's admonition regarding the Fifth Amendment will suffice. However, if evidence is offered of other alleged crimes, then defendant's silence at trial would, in defense counsel's opinion, have a devastating impact. Thus, he may be "forced" to testify wherein if he only had to defend the actual charge of the indictment, he very well would not testify.

**WHEREFORE**, the defense moves the Court to preclude the admission of any and all "bad acts" evidence proffered by the United Sta tes.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

13

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

/s/ Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on May 23, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Amanda Gregory, Assistant United States Attorney and Hon. Christopher Perras, Trial Attorney, United States Department of Justice.

/s/ Donald J. Meier