IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:15-CR-141-DJH |
| | ) | *Electronically Filed* |
| MATTHEW B. CORDER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO
PROHIBIT TESTIMONY REGARDING THE EXISTENCE OF PROBABLE CAUSE**

Comes the United States of America, by counsel, and files this response to defendant Corder's Motion *in Limine* to Prohibit Testimony Regarding the Existence of Probable Cause and for a Finding That, As a Matter of Law, Probable Cause Existed in This Case (DN 22). In the motion, defendant argues that the principles of collateral estoppel and the law of the case require that this Court instruct the jury that probable cause existed in this case, due to a stipulation of probable cause in the state case against D.B. For the reasons below, the United States respectfully requests that the Court deny defendant's motion.

**Factual Background**

On the evening of October 22, 2014, defendant Corder, then a Deputy Sheriff at the Bullitt County Sheriff's Office, parked his patrol car in front of D.B.'s home as he responded to a call in the neighborhood. After defendant Corder finished the call, he returned to his car. At some point, D.B. arrived home from work. D.B. stood on the steps of his home and asked what was going on. Defendant Corder told D.B. that it was none of his business. D.B requested that defendant Corder move his car. Defendant refused. In response, D.B. told defendant, "Fuck off." Defendant Corder requested that D.B. repeat himself and D.B. did. D.B. then walked

inside his home. Based on this, defendant Corder entered D.B.'s home and arrested D.B. for disorderly conduct and fleeing and evading, as well resisting arrest.

On October 23, 2014, D.B. was arraigned on those charges in *Commonwealth of Kentucky v. D.B.* A pretrial services representative advised the Judge that D.B. was a low risk, and D.B.'s appointed attorney asked the Judge to release D.B. on his own recognizance. Based on statements defendant Corder made in the arrest report, the Judge denied the request that D.B. be released on his own recognizance. D.B. stayed in jail for approximately two weeks, until November 6, 2014, when his bond was reduced. D.B.'s incarceration caused him to lose his job, and eventually his home.

When defendant Corder's supervisor at the Bullitt County Sheriff's Office reviewed the body camera footage, he became concerned that there was no probable cause for the arrest. When the Bullitt County Attorney's Office became aware of the situation, they agreed to dismiss the charges without prejudice. As was the general practice in the Bullitt County Attorney's Office, they required a stipulation as to probable cause, to immunize the County from a potential civil lawsuit brought by D.B. The agreed order of dismissal in *Commonwealth of Kentucky v. D.B.,* including a notation that D.B. stipulated to probable cause, was signed by D.B's counsel and an Assistant Bullitt County Attorney. The order was entered on December 8, 2014, and the case was dismissed. Neither defendant Corder nor the United States were parties in *Commonwealth of Kentucky v. D.B.*

On December 16, 2015, a federal Grand Jury returned an indictment charging defendant in this case, *United States v. Corder*, with two counts of willfully violating D.B.'s constitutional rights under color of law, in violation of Title 18, United States Code, Section 242. (DN 1). Count One includes the allegation at that defendant "seized D.B. without probable cause to

believe that D.B. committed a crime." *Id*. at 1. Count Two includes the allegation that defendant "charged D.B. with offenses of 'disorderly conduct' and 'fleeing and evading' without probable cause." *Id.* at 2. Neither D.B. nor the Commonwealth of Kentucky are parties in *United States v. Corder*.

## Argument

Defendant argues that collateral estoppel and law-of-the-case doctrine make the stipulation to probable cause in *Commonwealth of Kentucky v. D.B.* binding in this case. Collateral estoppel does not apply because the United States was not a party in *Commonwealth of Kentucky v. D.B.* and neither the United States nor anyone in privity with the United States had a full and fair opportunity to litigate the issue of probable cause. Law-of-the-case doctrine does not apply because *United States v. Corder* is a different case with different parties than *Commonwealth of Kentucky v. D.B.*

### I. Collateral-estoppel principles do not make the stipulation of probable cause in *Commonwealth of Kentucky v. D.B.* binding in this case.

As an initial matter, collateral estoppel does not apply to federal criminal cases the same way it does to civil cases. In *Standefer v. United States*, the Supreme Court held that the principle of nonmutual collateral estoppel could not be used to prevent the United States from presenting evidence regarding an element of a crime even though the issue had been resolved against the United States in the trial of one of the defendant's coconspirators. 447 U.S. 10, 24-25 (1980). The Court noted a number of policy reasons that influenced its decision, including the fact that "the important federal interest in the enforcement of the criminal law" outweighed "economy concerns that undergird the estoppel doctrine" in civil cases. *Id.*; *see also United States v. Mendoza*, 464 U.S. 154, 158-163 (1984) (holding that nonmutual collateral estoppel could not be applied to the United States). Similarly, in civil cases, collateral estoppel could be

applied to a party who not involved in the first suit, if there was privity between the parties. However, that doctrine does not apply when it comes to separate sovereigns prosecuting a single defendant for the same crime. *See Heath v. Alabama*, 474 U.S. 82, 89 (1985); *Abbate v. United States*, 359 U.S. 187, 193-196 (1959); *Martin v. Rose*, 481 F.2d 658, 660 (6th Cir. 1973).

Even assuming that the principles of collateral estoppel would apply in this case, they would not make the stipulation to probable cause in *Commonwealth of Kentucky v. D.B.* binding. Collateral estoppel requires that a federal court must give a state court decision the same "preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Kentucky law, for collateral estoppel to bar further litigation on an issue, the following elements must be met:

> (1) at least one party to be bound in the second case must have been a party in the first case;
> (2) 'the issue in the second case must be the same as the issue in the first case';
> (3) 'the issue must have been actually litigated';
> (4) 'the issue was actually decided in that action'; and
> (5) 'the decision on the issue in the prior action must have been necessary to the court's judgment' and adverse to the party to be bound.

*Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 872 (Ky. 2011) (citations omitted). Here, the first and fifth elements are not met, as the United States was not a party, nor in privity with any party, in *Commonwealth of Kentucky v. D.B.*[1], and the probable cause stipulation between the parties was not necessary to the Court's dismissal of the case. As such, even if collateral estoppel applied to this federal case, the United States should not be bound by the stipulation to probable cause. *See*, *e.g. Grise v. Allen*, No. 5:11-195-KKC, 2016 WL 1261077, at *4 (E.D. Ky.

---

[1] Even *Ashe v. Swenson*, the case cited by defendant Corder in his motion, includes language limiting collateral estoppel to litigation between the "same parties." 397 U.S. 436, 443 (1970).

Mar. 30, 2016) (holding that, in federal civil rights case, wife was not bound by husband's stipulation to probable cause in related state case).

> II. **Law-of-the-case principles do not make the stipulation of probable cause in *Commonwealth of Kentucky v. D.B.* binding in this case.**

Law-of-the-case doctrine does not require that this Court grant deference to the stipulation of the parties in *Commonwealth of Kentucky v. D.B.* as that was a different case with different parties. Under law of the case, a decision made at "one stage of a case should be given effect in successive stages of the *same* litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (emphasis added). As defendant notes in his brief, this case is not the same litigation or proceeding as *Commonwealth of Kentucky v. D.B.* As such, law-of-the-case doctrine is irrelevant.

Even if law of the case did apply, it would not be binding. The Sixth Circuit has held law of the case is a "discretionary tool available to a court in order to promote judicial efficiency" and "does not foreclose a court from reconsidering issues in a case previously decided by the same court or another court." *Id.* at 403; *see also United States v. Cunningham*, 679 F.3d 355, 377 (6th Cir. 2012). Prior rulings may be reconsidered if there would be "substantially different evidence raised on subsequent trial," if there is new controlling authority that would impact the earlier decision, or if "a clearly erroneous decision which would work a manifest injustice." *Petition of U. S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973). Here, there was no prior "decision," merely a stipulation in an agreed order. Thus, no evidence has been presented to a court on the issue. Further, binding the United States in a federal criminal prosecution to an agreement made by two parties, one of whom was presented with the stipulation as a prerequisite to having criminal charges dismissed, would be a manifest injustice. As such, even if law of the case applied, which it does not, the Court would have discretion to reconsider the earlier order.

5

### III.     Making the stipulation between two parties in one case binding on two different parties in another would set a bad precedent.

In essence, defendant is requesting the Court to order that an agreement reached by two parties in a different case be binding on two completely different parties in this case. The practical effect of what defendant is proposing would be untenable. If the Court adopted defendant's position, two parties acting in concert could reach an agreement in litigation that could effectively foreclose litigation (or guarantee a positive outcome in litigation) against another party with different interests. By way of example, D.B. might have brought suit against the Deputy Sheriff who assisted defendant Corder in D.B.'s arrest. It is possible that Deputy Sheriff could have stipulated that there was no probable cause for the arrest, but raised some other defense. Following defendant's logic, that stipulation would then be binding on defendant Corder in a different suit. Clearly, this is would be illogical and unjust.

**Conclusion**

  For the above-stated reasons, the United States respectfully requests that the Court deny defendant Corder's Motion *in Limine* to Prohibit Testimony Regarding the Existence of Probable Cause and for a Finding That, As a Matter of Law, Probable Cause Existed in This Case (DN 22).

                Respectfully submitted,

                VANITA GUPTA
                PRINCIPAL DEPUTY ASSISTANT
                ATTORNEY GENERAL
                CIVIL RIGHTS DIVISION
                UNITED STATES DEPARTMENT OF JUSTICE

                Christopher Perras
                Trial Attorney
                Criminal Section
                Civil Rights Division
                U.S. Department of Justice
                601 D Street NW
                Washington, DC 20004
                (202) 353-1130

                JOHN E. KUHN, JR.
                UNITED STATES ATTORNEY

                *s/ Amanda E. Gregory*
                Amanda E. Gregory
                Assistant United States Attorney
                717 West Broadway
                Louisville, Kentucky 40202
                (502) 582-5016 (Tel.)
                (502) 582-5067 (Fax)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel to the defendant, Donald Meier.

                                                    *s/ Amanda E. Gregory*
                                                    Amanda E. Gregory
                                                    Assistant U.S. Attorney