IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:15-CR-141-DJH |
| | ) | *Electronically Filed* |
| MATTHEW B. CORDER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
REGARDING EXPERT TESTIMONY FROM GOVERNMENT WITNESSES**

Comes the United States, by counsel, and files this response to defendant Corder's Objection to Expert Witnesses of the United States and Motion *in Limine*. (DN 23).  In the objection, defendant argues principally that the United States should not be permitted to have Shawn Herron, John Cottrell, Mark Riley, or Wendell McBride offer expert testimony regarding whether defendant Corder had probable cause to arrest D.B. or a constitutional basis to enter D.B.'s home.  The United States agrees in large part with defendant Corder's objections, disagrees in part, and reserves the right to introduce certain other types of evidence, as explained in more detail below.

**Background**

On December 16, 2015, a federal Grand Jury returned an indictment charging defendant Corder with two counts of willfully violating D.B.'s constitutional rights under color of law, in violation of Title 18, United States Code, Section 242.  (DN 1).  Count One includes the allegations at that defendant "seized D.B. without probable cause to believe that D.B. committed a crime" and "unlawfully entered D.B.'s home to effect the seizure."  *Id*. at 1.  Count Two includes the allegation that "defendant charged D.B. with offenses of 'disorderly conduct' and 'fleeing and evading' without probable cause."  *Id.* at 2.

Among the witnesses the United States anticipates presenting at trial are Shawn Herron, Wendell McBride, John Cottrell, and Mark Riley.  Herron and McBride are two trainers who taught defendant Corder constitutional law and the Kentucky Penal Code at the Kentucky Department of Criminal Justice Training.  Cottrell and Riley are personnel at the Bullitt County Sheriff's Office who supervised defendant Corder while he was employed as a Bullitt County Deputy Sheriff.  All four of these witnesses are fact witnesses who can testify about defendant Corder's training both at the Kentucky Department of Criminal Justice Training and at the Bullitt County Sheriff's Office.  Cottrell and Riley can also testify regarding their personal interactions with defendant Corder.

The United States does not intend to call Herron, McBride, Cottrell, or Riley as expert witnesses.  Expert notices in this case were due shortly after indictment.  At that point, the United States had not determined the full scope of the testimony it would seek to elicit at trial from Herron, McBride, Cottrell, and Riley.  As such, out of an abundance of caution, the United States provided expert notice to defendant with respect to Herron, McBride, Cottrell, and Riley. The notice stated the four witnesses might offer opinions as to whether defendant Corder's conduct in arresting D.B. conformed to constitutional standards, recognized police standards, and Bullitt County Sheriff's Office standards.  After further considering the issue, the United States determined that the four witnesses would not be offered as expert witnesses, and would instead be offered as fact witnesses to testify about defendant Corder's training at the Kentucky Department of Criminal Justice Training and the Bullitt County Sheriff's Office.  However, the United States took the position it should be able to show the fact witnesses the body camera video of the arrest and ask questions related to how what is shown on the video relates to training

defendant Corder received at Kentucky Department of Criminal Justice Training and the Bullitt County Sheriff's Office.

The United States notified defense counsel of its changed intent several weeks prior to the filing of defense counsel's motion regarding expert testimony. Defense counsel expressed that he still planned to file his motion, so that the issue would be resolved by the Court. He further indicated he objected to the proposed testimony regarding how the training received by Corder applied to the video footage.

### Argument

Defendant Corder identifies four types of testimony that he objects to: (1) opinion testimony as to whether there was probable cause for arrest or a constitutional basis to enter the home; (2) opinion testimony as to whether defendant Corder had the requisite mental state of willfully depriving D.B. of his constitutional rights; (3) fact testimony regarding the training defendant Corder received on constitutional law, Kentucky Penal Code, and applicable rules and regulations; and (4) opinion testimony as to how the particular facts of the arrest conform with his training.

The United States agrees that the first and second types of testimony are not admissible. The United States will not ask Herron, McBride, Cottrell, or Riley questions that will elicit a legal conclusion as to whether there was probable cause or a constitutional basis to enter the home. Further, the United States will not ask questions of the four witnesses as to whether Corder had the requisite mental states. However, the United States does intend to elicit the third and fourth types of testimony: fact testimony from those witnesses about the training defendant Corder received at the Kentucky Department of Criminal Justice Training and the Bullitt County

Sheriff's Office, as well as lay opinion testimony about whether certain of defendant Corder's actions on the body camera video are consistent with that training.

Defendant Corder's training is relevant to willfulness, which, the defendant concedes, is a central issue in this case.  (DN 23 at 1-2).  One way to prove that a defendant-officer knew that he was acting unlawfully is to admit evidence that he was properly trained on the scope of his authority.  *See United States v. Rodella*, 804 F.3d 1317, 1338 (10th Cir. 2015) (affirming admission of training evidence, in § 242 prosecution, "to show that [the defendant-officer] knew that his pursuit of [the victim] was unlawful").  The converse is also true: one way to show that a defendant-officer did not know that he was acting unlawfully is to admit evidence that he was poorly trained on the law. *See United States v. Parker*, No. 5:15-CR-55-MHH-HGD, 2016 WL 741967, at *9 (N.D. Ala. Feb. 24, 2016) ("Had all of this evidence been before them, jurors reasonably could have concluded that [the defendant-officer] was not a rogue officer but instead was a second year police officer with virtually no post-academy training who reasonably believed that he was complying with the MPD's response to resistance policy, and jurors, in turn, reasonably could have concluded that [the defendant-officer] did not willfully deprive [the victim] of his constitutional right to be free from excessive force.").  Evidence of a defendant-officer's training, good or bad, thus gives the jury a proper basis to evaluate whether that officer's actions, in violating another person's constitutional rights, were willful.

Both experts and lay witnesses may offer opinion testimony even if it treads close to ultimate legal issues.  Experts are permitted to testify in civil rights cases regarding whether police conduct conforms to nationally recognized standards and best practices.  *See Heflin v. Stewart County, Tenn.*, 958 F.2d 709, 715 (6th Cir. 1992) (holding that expert's testimony regarding whether jailers followed approved procedures was properly admitted); *Champion v.*

*Outlook Nashville, Inc.*, 380 F.3d 893, 908-909 (6th Cir. 2004) (holding that expert was properly permitted to testify about continuum of force, specific training officers received, and whether conduct violated recognized police standards regarding excessive force); *Weigel v. Broad*, 544 F.3d 1143, 1155 (10th Cir. 2008) ("reasonableness of an officer's actions must be assessed in light of the officer's training"); *Zuchel v. City and County of Denver, Colo.*, 997 F.2d 730, 742 (10th Cir. 1993) (holding that experts in "police training, tactics, and the use of deadly force" can generally "state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement").  Under Rule 701, lay witnesses may offer opinion testimony where it is based on their perception, helpful to understanding their testimony or determining a fact in issue, and not based on specialized knowledge covered by the rules on expert witnesses. Fed.R.Evid. 701.  Courts have upheld the admission of lay witness opinion testimony even where it goes to issues of reasonableness or ultimate liability.  *See United States v. Perkins*, 470 F.3d 150, 153 & 156 (4th Cir. 2006) (lay opinion testimony from two officers regarding whether there was a law enforcement reason for use of force was admissible where opinions required only limited expertise and were "framed in terms of their eyewitness observations and particularized experience as police officers"); *Samples v. City of Atlanta*, 846 F.2d 1328, 1334 (11th Cir. 1988) (officer's lay opinion testimony regarding whether a police department had a "shoot first, ask questions later" philosophy should have been admitted where the opinion was based on his personal observations from working at the police department and helpful to the jury in understanding the issues).

While Herron, McBride, Cottrell, and Riley have experience and training that would qualify them as expert witnesses, in this case they would be offering lay witness opinion testimony.  Their testimony would not be extrapolating on their respective areas of expertise or

providing opinions on law enforcement practices.  Rather, they would be testifying based on their personal experience as individuals who provided training, instruction, and supervision to defendant Corder.  They, like the jury, will also have personal experience watching the body camera footage.  Their testimony with respect to the body camera footage will help the jury obtain a clearer understanding of how the training defendant Corder received applied to the arrest of D.B.  *See United States v. Mohr*, 318 F.3d 613, 623 (4th Cir. 2003) (defendant-officer's trainer permitted to testify about how defendant-officer's training applied to the specific arrest scenario at issue in § 242 prosecution).  Their testimony will not be based on their specialized knowledge, because their testimony will not be framed by legal principles or law enforcement standards, but rather by their specific knowledge of how defendant Corder was trained.  This type of testimony is admissible under Federal Rule of Evidence 701.

Admittedly, in this case, where the witnesses are the individuals who trained the defendant on the law, certain questions may tread close to the line of soliciting a legal conclusion.  In *Torres v. County of Oakland*, the Sixth Circuit held that it was error to have permitted a question regarding a witness' opinion on the legal issue of whether there was discrimination based on national origin.  758 F.2d 147, 149-151 (6th Cir. 1985).  However, the Court also noted that "more carefully worded question" than the one at issue in the case "could have elicited similar information and avoided the problem of testimony containing a legal conclusion."  *Id*. at 151.  Having instructed the parties to brief the issue in advance, the Court has adequate time to develop guidelines to ensure that questioning by both parties does not elicit impermissible legal conclusions.

## CONCLUSION

For the above-stated reasons, the United States respectfully request that the Court deny defendant's Objection to Expert Witnesses of the United States and Motion *in Limine* in part and grant it in part.

Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF USTICE

Christopher Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
(202) 353-1130

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel to the defendant, Donald Meier.

<u>*s/ Amanda E. Gregory*</u>
Amanda E. Gregory
Assistant U.S. Attorney