UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:15CR-141-DJH**
**UNITED STATES OF AMERICA,**                                        **PLAINTIFF,**

vs.

**MATTHEW B. CORDER,**                                                **DEFENDANT.**

## DEFENSE REPLY TO GOVERNMENT'S POSITION REGARDING EXPERT WITNESSES

Comes the defendant, by counsel, and replies to the Government response to the defense motion to prohibit testimony (DN 27). The defense incorporates the arguments made in it's initial motion (DN 23), and will not reiterate them here. The defense, however, makes the following comments:

The government has clarified (somewhat) its position regarding the purpose of the witnesses listed in the initial disclosure. The testimony from these witnesses is for the purpose of providing 1) fact testimony regarding the training that was provided to the defendant regarding constitutional law, the state penal code, and applicable rules and regulations; and 2) opinion testimony relating to how the defendant's conduct as viewed from the body camera conforms with the training given. (DN 27, at 3,4).
Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**Testimony regarding training**

The training materials used in Officer Corder's training classes regarding search and seizure and probable cause appear to be a basic primer on constitutional law. It consists of "power point" presentations, as well as legal outlines summarizing many criminal cases. Clearly, even trained legal minds can differ as to whether a particular legal circumstance exists, or not. If one were to venture into virtually any state District Court, defense attorneys and prosecuting attorneys would likely be seen arguing about whether a particular set of circumstances amount to probable cause under the law. To allow evidence about Officer Corder's training classes would amount to providing testimony to the jury about what "the law" is, and how it should be construed. Every attorney practicing before this court has had years of training on "the law" and, as is the case in an adversary system, can have a differing opinion about it.

Officer Corder's training classes, as evidenced by the materials provided in discovery, would open up testimony to the jury about the facts, and holdings of hundreds of criminal cases. Each case, depending upon the point of view of the reader, would have varying degrees of relevance. The lawyers, much as they normally would do before a judge, would then be required to argue the law, and use the supporting cases and statutes, while arguing to the jury. The training itself, a basic primer in constitutional law, would thus be far more confusing, and misleading to the jury, than relevant. *See* FRE 403.

**Opinion regarding how the arrest conforms to training**

In order to put this law into context, the government intends to ask witnesses to give

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

an opinion about whether the actions of Officer Corder during the incident for which he is charged are "consistent" with the training he received. (DN 27, at 3,4). This requires the witness to form an opinion as to what the "law" (training) is and then analyze the defendant's actions and form an opinion as to whether the defendant's actions are consistent with the law. That is the function of the jury.

The government claims that this opinion is not based on "specialized knowledge". (DN 27, at 5). Therefore, the government's desire is to place a witness on the stand, let him view the same evidence that the jury will view as it relates to alleged criminal conduct, and without any specialized knowledge, testify as to whether the conduct viewed in the video conforms with the law.

For the reasons set out more fully in the defendant's original motion, this is merely a thinly veiled guise to introduce improper opinion testimony about whether probable cause existed in this case, and, if not, whether Officer Corder was intentionally acting in an illegal manner during his arrest of D.B. in the incident in question.

/s/Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## **CERTIFICATE**

    I certify that on May 31 , 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Hon. Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

                                      /s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808