**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 3:15CR-141-DJH**

**UNITED STATES OF AMERICA,**                                                        **PLAINTIFF,**

**vs.**

**MATTHEW CORDER,**                                                       **DEFENDANT.**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

        Comes the defendant, by counsel, and moves the Court to instruct the jury as set forth in the attached proposed instructions. Defendant reserves the right to offer additional instructions if warranted by the evidence at trial.

                                      /s/ Donald J. Meier
                                      Assistant Federal Defender
                                      200 Theatre Building
                                      629 Fourth Avenue
                                      Louisville, Kentucky 40202
                                      (502) 584-0525

                                      Counsel for Defendant**.**

**CERTIFICATE**

    I hereby certify that on June 27, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

                                      /s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

## PRESUMPTION OF INNOCENCE, BURDEN
## OF PROOF, REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence. If the jury views the evidence in the case as reasonably permitting either of two conclusions one of innocence, the other of guilt the jury should of course adopt the conclusion of innocence.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

*§1.03 Sixth Circuit Criminal Pattern Jury Instructions*; *United States v. Hart, 640 F.2d 856, 861 (6th Cir. 1981), cert. denied, 451 U.S. 992 (1981).*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

weight you think it deserves.

*§1.07 Sixth Circuit Criminal Pattern Jury Instructions*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

The defendant, Matthew Corder, is accused of intentionally depriving D.B. of his constitutional right to be free from illegal seizure. It is against federal law for a law enforcement officer to violate someone else's rights while carrying out his official duties. For you to find Mr. Corder guilty of this crime, you must be convinced that the government has proved each of these things beyond a reasonable doubt:

**First**, that Mr. Corder seized D.B. without probable cause to do so, and illegally entered D.B.'s home; and

**Second**, Mr. Corder, while doing this, was intentionally depriving D.B. of his right to be free from illegal seizure;and

**Third**, that was acting as a deputy Bullitt County Sheriff and abused or exceeded his authority when the incident happened; and

**Fourth**, that the offense involved the use of a dangerous weapon, or resulted in bodily injury to D.B.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

## Deprivation of Rights under Color of Law

If you do not find the defendant, Matthew Corder guilty under the previous intruction no.

_____, you will find him guilty under this instruction if you are convinced that the government has proved each of these things beyond a reasonable doubt:

**First,** that Mr. Corder seized D.B. without probable cause to do so, and illegally entered D.B.'s home; and

**Second**, Mr. Corder, while doing this, was intentionally depriving D.B. of his right to be free from illegal seizure; and

**Third**, that was acting as a deputy Bullitt County Sheriff and abused or exceeded his authority when the incident happened.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

The defendant, Matthew Corder, is accused of intentionally depriving D.B. of his constitutional right to be free from illegal seizure or malicious prosecution. It is against federal law for a law enforcement officer to violate someone else's rights while carrying out his official duties. For you to find Mr. Corder guilty of this crime, you must be convinced that the government has proved each of these things beyond a reasonable doubt:

**First**, that Mr. Corder charged D.B. with the offense of Disorderly Conduct, Second Degree, and Fleeing and Evading Police without probable cause to believe D.B. committed those crimes, and knowingly included false and misleading information on the charging document; and

**Second**, Mr. Corder, while doing this, was intentionally depriving D.B. of his right to be free from illegal seizure/malicious prosecution; and

**Third,** that was acting as a deputy Bullitt County Sheriff and abused or exceeded his authority when the incident happened.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**WILLFULLY**

The word "willfully", as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Eleventh Circuit Pattern Jury Instructions (Criminal Cases), 2003 Edition, pp. 300-301*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

10

## OPINION TESTIMONY

(1) You have heard the testimony of (Shawn Herron, Mark Riley, John Cottrell, Wendell McBride ), who testified as an opinion witness.

(2) You do not have to accept (Herron, Riley, Cottrell, McBride)'s opinion.  In deciding how much weight to give it, you should consider the witness's qualifications, and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

*6th Circuit Pattern Jury Instructions (Criminal), 2011 edition, pp 171-173.*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

11

**WITNESS TESTIFYING TO BOTH FACT AND OPINION**

(1) You have hearth the testimony of witnesses who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you don not have to accept the witness' opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

*6th Circuit Pattern Jury Instructions (Criminal), 2011 edition, pp174-175.*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decision based only on the number of witnesses who testified. What is more important is now believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

*Jury Instructions, Criminal Cases, Sixth Circuit, 1.08 (1991 ed).*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

13

## DEFENDANT'S FAILURE TO TESTIFY

If defendant testifies: you have heard Mr. Corder  testify. Earlier, I talked to you about the "credibility" or "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating Mr. Corder's testimony.

If defendant does not testify: A defendant has an absolute right not to testify or present evidence. The fact that she did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember, it is up to the government to prove Mr. Corder guilty beyond a reasonable doubt. It is not up to Mr. Corder to prove that he is innocent.

*Jury Instructions, Criminal Cases, Sixth Circuit, 7.02 A & B*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

14

## OTHER ACTS OF DEFENDANT
### (If 404 evidence allowed)

You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident]. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for crimes charged in the Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

*Jury Instructions, Criminal Cases, Sixth Circuit, section 7.13 (2005 ed.)*

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808