UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                              PLAINTIFF

vs.                                                                                      CASE NO. 3:15CR-141-DJH

MATTHEW CORDER                                                                                     DEFENDANT

### MOTION *IN LIMINE* TO EXCLUDE JUVENILE ADJUDICATION

*Electronically Filed*

Comes the United States of America, by counsel, and respectfully moves this Court to exclude at trial impeachment of D.B. through his 16-year-old juvenile burglary adjudication that was adjudicated when D.B. was only 12 years old.  This Court should exclude evidence of D.B.'s stale juvenile adjudication for two independent reasons: (1) because the defense has not rebutted the presumption that the probative value of the 16-year-old adjudication does not substantially outweigh its prejudicial effect, under Federal Rule of Evidence 609(b)(1), and (2) because admission of the adjudication is not necessary for a determination of defendant Corder's guilt or innocence, under Federal Rule of Evidence 609(d)(4).

### BACKGROUND

On December 16, 2015, a grand jury indicted defendant Corder on two counts of willfully depriving D.B. of his constitutional rights under color of law in violation of Title 18, United States Code, Section 242.  DN 1.  Specifically, the grand jury found that defendant Corder arrested D.B. without probable cause, unlawfully entered D.B.'s home to make the arrest, and violated D.B.'s right to be free from malicious prosecution.  *Id*.  The United States plans to call D.B. as a witness at trial.  The United States has disclosed to defense counsel D.B.'s prior criminal history, which includes a16-year-old juvenile burglary adjudication from when D.B.

was age 12. Defense counsel has stated he intends to impeach D.B. using the juvenile burglary adjudication. DN 33 at 3.

## ARGUMENT

**I.    Rule 609 places two pertinent restrictions on the use of D.B.'s juvenile adjudication to impeach his testimony.**

Federal Rule of Evidence 609 places two pertinent restrictions on the use of juvenile adjudications to impeach a non-defendant witness where, as here, the adjudication is not for a crime of dishonesty.[1]  Federal Rule of Evidence 609(d)(3), which only permits admission of juvenile adjudications where an adult conviction for the same offense could be used to impeach an adult, and Federal Rule of Evidence 609(b)(1), which limits use of convictions older than years, provide that a juvenile adjudication that is more than ten years old may not be used to impeach a witness unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." FED. R. EVID. 609(b)(1), (d)(3). The Sixth Circuit has ruled that Federal Rule of Evidence 609(b)(1) creates "a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Rodriguez*, 409 F. App'x 866, 869 (6th Cir. 2011) (quoting *United States v. Sims,* 588 F.2d 1145, 1150 (6th Cir. 1978)). Rule 609(d)(4) creates an additional bar against impeachment through juvenile adjudications: they may not be used to impeach a witness unless they are "necessary to fairly determine guilt or innocence." FED. R. EVID. 609(d)(4).

---

[1] D.B.'s juvenile adjudication was for burglary in the second degree, which is a violation of Kentucky Revised Statute 511.030. Under Sixth Circuit law, burglary in the second degree does not qualify as a crime of dishonesty under Federal Rule of Evidence 609(a)(2), as the elements do not require dishonesty or a false statement. *See* Ky. Rev. Stat. 511.030; *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012) ("A crime of dishonesty or false statement involves some element of active misrepresentation. The 'dishonesty or false statement' language excludes 'those crimes which, bad though they are, do not carry with them a tinge of falsification.'") (internal citations omitted); *Baskin v. Pepsi MidAmerica Co.*, No. 5:13-CV-00030-TBR, 2015 WL 363906, at *1 (W.D. Ky. Jan. 27, 2015) (stating burglary does not qualify as a crime including an element dishonesty or false statement).

## II. D.B.'s juvenile adjudication should be excluded because it is more than ten years old and its probative value does not substantially outweigh its prejudicial effect.

Under Federal Rule of Evidence 609(b), the Sixth Circuit has held convictions over ten years old should be admitted "very rarely and only in exceptional circumstances." *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990). As stated above, Federal Rule of Evidence 609(b) creates a rebuttable presumption that convictions over ten years old should be excluded as they are more prejudicial than probative. *Sims*, 588 F.2d at 1150. For these reasons, the Sixth Circuit has routinely upheld the exclusion of stale convictions, even when the defendant is seeking to use the convictions for impeachment of government witnesses. *See Rodriguez*, 409 F. App'x at 869 (upholding district court's decision to exclude investigating detective's 14-year-old theft conviction); *United States v. Lochmondy*, 890 F.2d 817, 824 (6th Cir. 1989) (upholding district court's decision to exclude government witness' prior drug convictions as they were more than ten years old); *United States v. Currie*, 609 F.2d 1193, 1194 (6th Cir. 1979) (upholding exclusion victim's 40-year-old felony conviction in a criminal civil rights case).

In *Sims*, the Sixth Circuit set forth several factors for courts to examine in considering whether an old offense should be admitted, including (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the importance of the witness' testimony, and (4) the centrality of the credibility issue. *Sims*, 588 F.2d at 1149. While *Sims* applied to a defendant's convictions, other courts have applied these same factors to convictions of non-defendant witnesses. *See United States v. Schweihs*, No. 88 CR 763, 1989 WL 104059, at *1 (N.D. Ill. Aug. 23, 1989).

D.B.'s 16-year-old juvenile adjudication for burglary should be excluded as any probative value does not substantially outweigh the prejudicial impact under Federal Rule of Evidence 609(b). As an initial matter, the defendant has not presented "specific facts and circumstances" to overcome the rebuttable presumption that convictions over ten years old are more prejudicial than helpful. Even if he had, applying the *Sims* factors makes it clear that the conviction should be excluded. The impeachment value of the crime of burglary is low, as it is not a crime of dishonesty. Further, D.B. was a mere <u>12 years old</u> when this juvenile adjudication occurred. In the 16 years between the juvenile adjudication and now, he has only had one misdemeanor conviction. While D.B.'s testimony is important, much of what he will testify about is corroborated in a variety of other ways, such that his credibility will not be a central issue. The majority of the interaction between D.B. and defendant Corder is caught on video tape. What happened to D.B. after he was arrested by defendant Corder is corroborated by court records. The only thing that is likely to be disputed is the brief interaction between D.B. and defendant Corder prior to the time defendant Corder activated his body camera. With respect to this interaction, defendant Corder and D.B. seem to agree as to the general content of the conversation between the two of them, and will likely only dispute the volume of the conversation. However, there are three other witnesses who will also give testimony regarding how loudly D.B. was speaking. Finally, it is important to consider the extent of the potential prejudice. If the jury learns that D.B. had a juvenile adjudication for burglary, it may conclude that he deserved to be in jail, and his constitutional rights are not worth protecting. *See id.* ("The prejudicial impact of this conviction is self-evident, since a jury could believe that a past felon, especially one convicted of selling firearms, is less deserving of protection from extortion than

4

other citizens."). For these reasons, the 16-year-old juvenile adjudication's prejudicial effect far outweighs any potential probative value.

### III. D.B.'s juvenile adjudication should be excluded because it is not necessary for a determination of defendant Corder's guilt or innocence.

Federal Rule of Evidence 609(d)(4) further limits use of juvenile adjudications, even if they meet the criterion set forth in Federal Rule of Evidence 609(d)(3). In other words, even if evidence of an adult's conviction for the equivalent offense would be allowed to attack the adult's credibility, the juvenile adjudication may not be admitted unless it is necessary to fairly determine the guilt or innocence of the defendant. FED. R. EVID. 609(d).

Courts have stated that Federal Rule of Evidence 609(d) "creates a presumption that evidence of juvenile adjudications is generally not admissible." *United States v. Williams*, 963 F.2d 1337, 1341 (10th Cir. 1992). As such, courts routinely exclude juvenile adjudications due to Rule 609(d)'s demanding standard. *See id*; *United States v. Lind*, 542 F.2d 598, 599 (2d Cir. 1976) (finding victim witness's juvenile record properly excluded from trial where incidents were remote in time); *United States v. Decker*, 543 F.2d 1102, 1105 (5th Cir. 1976) (holding that where a witness was not on probation for the crime related to his juvenile adjudication, district court properly excluded evidence of the juvenile adjudication); *United States v. Ciro*, 753 F.2d 248, 249-50 (2d Cir. 1985) (finding that admission of juvenile adjudication was not "necessary for fair determination of issue of guilt or innocence"); *United States v. Owens*, 2 F.3d 1159 (9th Cir. 1993) (holding trial court's exclusion of impeachment based on juvenile adjudication under Rule 609(d) did not violate defendant's Confrontation Clause rights).

Evidence of D.B.'s juvenile adjudication is not "necessary" for a fair determination of defendant Corder's guilt or innocence. As discussed above, the vast majority of D.B.'s

testimony will cover topics that are corroborated either via video footage or court records. Only D.B.'s interaction with defendant Corder prior to the beginning of the video footage will likely be disputed between the parties. Defendant Corder and D.B. appear to largely agree on the details of their initial interaction. However, even if defendant Corder and D.B. had remarkably very different versions of what happened before the video tape started, three other witnesses will also testify regarding what happened. Further, even if D.B.'s testimony on this matter were pivotal, evidence of misconduct on the part of D.B. that took place 16 years ago when he was 12 years old has limited impeachment value, especially compared to questions about bias towards defendant Corder that D.B. might have due to the incident at issue in this case. Thus, evidence of D.B.'s juvenile adjudication is not necessary for a fair determination of defendant Corder's guilt or innocence and should be excluded pursuant to Federal Rule of Evidence 609(d)(4).

## CONCLUSION

For the reasons stated above, the Court should grant this motion and issue an *in limine* order excluding evidence of D.B.'s juvenile burglary adjudication.

Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT
ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

Christopher J. Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
(202) 353-1130

JOHN E. KUHN, JR
UNITED STATES ATTORNEY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system on July 6, 2016, which generated an electronic copy that was emailed to Don Meier, counsel for the defendant Matthew Corder.

*/s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney