IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:15-CR-141-DJH |
| | ) | *Electronically Filed* |
| MATTHEW B. CORDER | ) | |

**MOTION IN LIMINE TO PRECLUDE THE DEFENSE FROM REFERENCING THE OUTCOME OF THE STATE PROSECUTION OF DEFENDANT CORDER**

The United States filed a motion *in limine* to admit 404(b) evidence of two incidents in which Defendant Corder abused his official authority to retaliate against people who angered him. (DN 21). In one of the two incidents, Defendant Corder arrested a tow truck driver who was lawfully repossessing Defendant Corder's personal vehicle, then let him go in exchange for the tow truck driver's promise not to repossess his vehicle. Defendant Corder, then an LMPD officer, was fired for abusing his authority, and was ultimately prosecuted in state court for official misconduct and related state crimes. A jury acquitted Defendant Corder after a trial. If this Court grants the 404(b) motion of the United States, which remains pending, the United States, by and through the undersigned Assistant United States Attorney and Trial Attorney, respectfully requests an *in limine* order from the Court precluding the defense from introducing evidence of or otherwise referencing the outcome of the state prosecution.

**ARGUMENT**

Evidence of the outcome of the state prosecution should be excluded under Federal Rules of Evidence 401 and 402 because it is not relevant; under Federal Rule of Evidence 403 because, even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice; and under Rule 802 because it is inadmissible hearsay.

"Judgments of acquittal are almost always excluded [on] relevancy [grounds] since they do not necessarily prove innocence but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt as to at least one element of the crime." See McKinney v. Galvin, 701 F.2d 584, 586 n.5 (6th Cir. 1983).  After all, not guilty verdicts are returned "for a variety of reasons, many of which are unrelated to culpability." United States v. Marrero-Ortiz, 160 F.3d 768, 775 & n.4 (1st Cir. 1998) (noting that "a variety of factors, such as the unavailability of witnesses and sloppy prosecutorial work at the local level, may well have contributed to the dismissal").  For that reason, courts have allowed the admission of 404(b) evidence notwithstanding the fact that the defendant had previously been acquitted of charges arising out of it. See Dowling v. United States, 493 U.S. 342, 349 (1990); Wade v. Timmerman-Cooper, 785 F.3d 1059, 1074 (6th Cir. 2015) (holding that 404(b) evidence was properly admitted even though it "relate[d] to alleged criminal conduct for which [the] defendant ha[d] been acquitted").  Accordingly, evidence of the acquittal in the repossession trial should be excluded for the threshold reason that it is not relevant.

Evidence of the acquittal is inadmissible for the additional reason that its probative value, if any, is far outweighed by the likelihood that the evidence will confuse the jury, distract the jury from the issues it is charged with deciding, and cause the jury to decide the case on an improper basis. See Fed. R. Evid. 403.  Evidence of the acquittal would likely mislead jurors into thinking they need not consider the 404(b) evidence presented because a jury already determined that Defendant Corder did not commit the underlying acts. United States v. Smith, 145 F.3d 458, 462–63 (1st Cir. 1998) (suggesting that a jury may misapprehend the legal significance of a prior acquittal); Ramirez-Lluveras v. Pagan-Cruz, 857 F. Supp. 2d 238, 241 (D.P.R. 2012) ("Given the similar subject matter of this case and the prior criminal cases, the

2

admission of evidence of the prior acquittals could result in jury confusion."). Additionally, reference to the outcome of the state prosecution might suggest to jurors that the subsequent federal prosecution is unfair to Defendant Corder or a waste of government resources. That is, such evidence might cause the jury to decide the case on an improper basis—the very concern Rule 403 was designed to prevent. See Fed. R. Evid. 403 advisory committee's note (explaining that "unfair prejudice" as used in Rule 403 "means an undue tendency to suggest decision on an improper basis").

Evidence of the prior acquittal is inadmissible for the additional reason that it constitutes hearsay not otherwise exempt from the operation of the hearsay rule. "Testimony about a prior acquittal is evidence of assertions made outside the trial, offered to show the truth of the matters alleged—the essence of inadmissible hearsay." United States v. Castro-Ramirez, 461 F. App'x 467, 469 (6th Cir. 2012) (unpublished). For that reason, all federal courts of appeals that have addressed this issue have held that prior dismissals and acquittals are hearsay and should not be admitted on that basis. See United States v. Viserto, 596 F.2d 531, 537 (2d Cir. 1979); United States v. Gricco, 277 F.3d 339, 352 (3d Cir. 2002), overruled on other grounds by United States v. Cesare, 581 F.3d 206 (3d Cir. 2009); United States v. De La Rosa, 171 F.3d 215, 219 (5th Cir. 1999); United States v. Wells, 347 F.3d 280, 286 (8th Cir. 2003); United States v. Sutton, 732 F.2d 1483, 1493 (10th Cir. 1984); United States v. Sanchez, 992 F.2d 1143, 1160 (11th Cir. 1993); United States v. Thomas, 114 F.3d 228, 250 (D.C. Cir. 1997).

## CONCLUSION

For all of these reasons, the government respectfully requests an in *limine* order precluding the defense from introducing evidence of or referencing in any way the outcome of the state prosecution.

Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT ATTORNEY
GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

Christopher Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
(202) 353-1130

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system on July 6, 2016, which generated an electronic copy that was emailed to Don Meier, counsel for the defendant Matthew Corder.

<u>/s/ Amanda E. Gregory</u>
Amanda E. Gregory
Assistant United States Attorney
