IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:15-CR-141-DJH |
| | ) | *Electronically Filed* |
| MATTHEW B. CORDER | ) | |

**MOTION IN LIMINE TO ADMIT, IN REDACTED FORM, THE STATE COURT ORDER DISMISSING CHARGES AGAINST D.B.; AND TO PRECLUDE THE DEFENSE FROM REFERENCING THE PROBABLE CAUSE STIPULATION**

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, respectfully requests an *in limine* order from the Court (1) authorizing the United States to introduce, in redacted form, the court order in Commonwealth v. D.B. dismissing the state charges against D.B. for disorderly conduct, fleeing and evading, and resisting arrest (the "order of dismissal"); and (2) precluding the defense from referencing the redacted portion of the order of dismissal containing the probable cause stipulation.

The order of dismissal should be admitted because it is relevant to a material issue and because it complies with the rules against hearsay. The order of dismissal is relevant because it establishes the final element of the malicious prosecution violation alleged in Count Two: that the false charges against D.B. were eventually dismissed. See Webb v. United States, 789 F.3d 647, 659 (6th Cir. 2015) (explaining that to establish a Fourth Amendment violation under a malicious prosecution theory, the government must prove, among other things, that "the criminal proceeding was resolved in the [arrestee's] favor"). The order of dismissal is not hearsay, under the verbal act doctrine, because it is "legally operative verbal conduct that determined the rights and duties of the parties." United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004); see also

Fed. R. Evid. 801 advisory committee notes ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay. . . . The effect is to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights."). The order of dismissal, moreover, falls within the public records exception to the hearsay rules. United States v. Carthen, 681 F.3d 94, 100 (2d Cir. 2012) (noting that a court order "was admissible as an official record" under Federal Rule of Evidence 803(8)).

The United States intends to introduce into evidence the order of dismissal with the following sentence redacted: "The Court notes that Defendant stipulates that there was probable cause with respect to the charges herein." See Exhibits A (unredacted order) and B (redacted order). This redaction is necessary pursuant to Federal Rule of Evidence 403, which permits the Court to exclude evidence if its probative value is outweighed by the danger of "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. If unredacted, the stipulation could cause the jury to infer, mistakenly, that the agreement between D.B.'s counsel[1] and the Bullitt County Attorney's Office to stipulate to probable cause, designed to shield the BCSO from civil liability, requires the jury to find that Defendant Corder had probable cause to seize D.B. and probable cause to charge D.B. with the crimes of disorderly conduct and fleeing and evading—two of the ultimate issues in this case. For that redaction to have any effect, it must be coupled with a Court order precluding the defense from referencing the probable cause stipulation at any point during the trial.

---

[1] D.B. has stated he was not consulted regarding the stipulation of probable cause and was unaware of it until asked about it with respect to this case.

2

For the foregoing reasons, the United States respectfully requests an *in limine* order from the Court authorizing the United States to introduce the order of dismissal in its redacted form, and precluding the defense from referencing the probable cause stipulation at any point during the trial.

Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

Christopher Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004
(202) 353-1130

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was sent by electronic transmission through the Court's ECF system on July 6, 2016, which generated an electronic copy that was emailed to Don Meier, counsel for the defendant Matthew Corder.

            */s/ Amanda E. Gregory*
            Amanda E. Gregory
            Assistant United States Attorney