UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

**CRIMINAL ACTION NO. 3:15CR-141-DJH**
**UNITED STATES OF AMERICA,**                                                **PLAINTIFF,**

**vs.**

**MATTHEW B. CORDER,**                                                         **DEFENDANT.**

**DEFENSE RESPONSE TO GOVERNMENT MOTIONS *IN LIMINE***

Comes the defendant, Matthew B. Corder, by counsel, and hereby formally objects to the Government's Motions in Limine, filed on July 6, 2016. (See DN 38, 39, and 40).

First and foremost, the defense is strongly opposed to the Government's attempt to introduce a redacted, and thereby misleading version of the State Court order relating to the case against D.B. This redaction deletes crucial information upon which the state prosecution, and ultimately the Judge, relied upon in making the agreement to move to dismiss the state court charges. It cannot seriously be argued that the stipulation that probable cause existed in the case against D.B. was not an important, if not essential, factor in the state prosecutor's decision to agree to move to dismiss the case against D.B. without prejudice.

This stipulation that probable cause existed was noted by the Judge in one of only two sentences which comprised the order. Unlike most Court orders, both the defense attorney and the prosecutor signed the order, in addition to the Judge, signifying their agreement with

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

the contents of the order, which included the stipulation of probable cause. The deletion of this critical text in the order, completely and wrongly alters the context of the order. In this altered context, it wrongly makes it appear that the state prosecutor is only agreeing to dismiss the case due to an absence of evidence, perhaps even an absence of probable cause. In fact, while it is possible that the case was dismissed because there was a question of whether the case could have been proven beyond a reasonable doubt, the parties with legal training, and with the most knowledge of the facts and evidence of the case, agreed that probable cause **did** exist. Without this stipulation, it is highly likely that the government would have proceeded in the prosecution of D.B., and not moved for dismissal.

It is sadly ironic to note that the Government, in this case, is still moving to admit testimony from constitutional law instructors, and law enforcement superior officers, regarding their opinions of the arrest scenario in this case. The government wishes to have these instructors/professors watch the video of the arrest in question, and use their experience as law enforcement professionals to render an opinion about the legal validity of the arrest. (See DN 27, pages 5-6). This is the same video that the jury will watch, and which was surely viewed by D.B., his legal counsel, Bullitt County Sheriff Department personnel, and the state court prosecutor. Those individuals, who have legal training, and who had direct interests in this underlying case representing all affected parties, provided the information and conclusions that were essential to the decision making process that went into D.B.'s order of dismissal. What could be more probative, and relevant?

Thus, Fed. R. Evid. 403 is in fact applicable in this situation. The altered document

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

which the government wishes to introduce, is unfairly, and wrongfully prejudicial to the defense in this case. It wrongfully creates a false impression as to the dismissal without prejudice in the underlying case. The omission of the only crucial information the Judge saw fit to include in the order completely changes the context of the order.

The stipulation of the parties, which was part of the order, is highly relevant, and not misleading. Fed. R. Evid 403 references the exclusion of evidence only if its probative value is **substantially** ouweighed by unfair prejudice. That is not the case here. The actual order of the Court is not unfairly prejudicial. Virtually all relevant evidence is, by its nature, prejudicial to one side or the other. In any event, the stipulation does not go to the admissibility of the evidence. Rather, the stipulation goes to the weight of the evidence that the jury in this case must consider in determining if probable cause existed. Whether or not probable cause existed is but one of the factors the jury in the above styled case must decide. Altering this order would be an injustice of the highest magnitude.

Regarding the government's motion to Exclude mention of D.B.'s juvenile burglary conviction (DN 38), the defense is only asking for consistency. Arguments under FRE 404(b), regarding very old incidents for which the defendant has not been convicted of are under submission to the Court at this time. In prior filings, and at a hearing on June 7, 2016, the defense has asserted numerous reasons why it believes these incidents are irrelevant, and therefore inadmissable against Mr. Corder. Should this Court agree, the defense would not attempt to bring up this likewise old prior (proven) transgression of D.B.

As to the issue of the outcome (an acquittal) of the incident relating to the tow truck

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

driver, which the government seeks to introduce under 404(b), the defense objects. However, as noted, this issue relating to 404(b) evidence is under submission with the Court at this time. The defense would agree that no mention should be made of this incident whatsoever, which of course would include the result. This, as well as other issues relating to this incident, may become ripe for argument when the Court rules on the pending 404(b) issue.

/s/Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant.

### **CERTIFICATE**

I certify that on July 11 , 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Hon. Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

/s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808