UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:15CR-141-DJH
UNITED STATES OF AMERICA,                                                                PLAINTIFF,

vs.

MATTHEW CORDER,                                                                          DEFENDANT.

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS

Comes the defendant, by counsel, and moves the Court to instruct the jury as set forth in the attached proposed instructions.

/s/ Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

### CERTIFICATE

I hereby certify that on July 20, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon Amanda Gregory, Assistant United States Attorney, and Hon. Christopher Perras, Trial Attorney, U.S. Department of Justice.

/s/Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

1

## DEFENDANT'S INSTRUCTION

As I instructed you earlier, the Indictment alleges, among other things, that Defendant Matthew Corder arrested Derrick Baize for, and charged him with, two Kentucky crimes without having probable cause to believe that Derrick Baize had committed those crimes.

During this trial, you heard evidence about Defendant Corder's training on Kentucky crimes and the rules regarding the authority of police officers to make arrests. Two of the government's witnesses, instructors at the police academy, testified about what they taught Defendant Corder about these Kentucky crimes, as well as the rules regarding arrests. You may consider the testimony of these trainers in determining whether or not Defendant Corder acted with the required criminal intent–which is discussed in other instructions–when he arrested Derrick Baize.

However, it is I, and not these witnesses, who is tasked with instructing you regarding the law that you are to follow in this case. For that reason, I am going to instruct you now on the elements of the Kentucky crimes for which Defendant Corder arrested Derrick Baize, as well as on the rules regarding when a police officer may or may not make an arrest. These legal instructions are the ones that you must follow when you deliberate at the end of this case. If Ms. Herron or Mr. McBride or any other witness, described the law differently that I describe it to you now, you are to assume that these instructions from me are correct.

The two Kentucky crimes at issue are "second-degree disorderly conduct" and "second-degree fleeing and evading."

The Kentucky offense of "second-degree disorderly conduct" is as follows:

> **525.060 Disorderly conduct in the second degree**
> (1)    A person is guilty of disorderly conduct in the second degree when in a public place and with intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk thereof, he:
> (a) Engages in fighting or in violent, tumultuous, or threatening behavior;

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

      (b) Makes unreasonable noise;
      (c) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard, or other emergency, or
      (d) Creates a hazardous or physically offensive condition by any act that serves no legitimate purpose.
(2)      Disorderly conduct in the second degree is a Class B misdemeanor.

In deciding whether the noise was "unreasonable" you must consider the time, place, nature and purpose of the noise.

Factors such as the late hour, the setting of a residential trailer park, the coarse and offensive nature of the language used, and whether there was a reasonable purpose for the noise should be considered.

A person is not guilty of disorderly conduct if his conduct annoys or alarms only the police. However, if there is only a risk that one's conduct could annoy other individuals, even unintentionally, that element is satisfied.

The Kentucky offense of "second-degree fleeing and evading" is as follows:

**520.100 Fleeing and evading police in the second degree**
(1)      A person is guilty of fleeing or evading police in the second-degree when:
      (a) As a pedestrian, and with intent to elude or flee, the person knowingly or wantonly disobeys a direction to stop, given by a person recognized to be a peace officer who has an articulable reasonable suspicion that a crime has been committed by the person fleeing, and in fleeing or eluding the person is the cause of, or creates a substantial risk of, physical injury to any person, or
      (b) While operating a motor vehicle with intent to elude or flee, the person knowingly or wantonly disobeys a recognized direction to stop his vehicle, given by a person recognized to be a peace officer.
(2)      No offense is committed under this section when the conduct involved constitutes a failure to comply with a directive of a traffic control officer.
(3)      Fleeing or evading police in the second degree is a Class A misdemeanor.

A police officer may not arrest a person for those offenses, or any other offenses, unless there is probable cause to believe that the person committed a crime. Probable cause is present if an objectively reasonable police officer under the circumstances would conclude that there was a fair

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

probability that a person had committed or was committing a crime. If a police officer seeks to arrest a person in his or her own home, there are additional requirements that must be met. A police officer may not enter a person's home to arrest a person unless one of three things are true: (1) the officer gets an arrest warrant authorized by a judge, (2) the person gives the officer consent to enter his or her home, or (3) there is an emergency situation. An emergency situation may include a serious threat to someone's health or safety, the imminent destruction of evidence, or the hot pursuit of a fleeing suspect.

However, the doorway of one's home is considered a "public place" where one has no reasonable expectation of privacy and is thus subject to a warrantless arrest. Even if, the arrest occurs as a result of an officer reaching farther than the doorway area, the act of retreating into a home does not thwart an otherwise legal arrest pursuant to probable cause. If this is the case, the above restrictions relating to a police officer entering a home to make an arrest do not apply.

Keep those rules in mind as you hear the evidence in this case. At the end of this case, after you have heard all of the evidence, I will elaborate on those rules, and give you further instructions on how to apply those rules to the evidence to reach your verdict.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808