**FILED**
**VANESSA L. ARMSTRONG**

JUL 2 2 2016

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

Criminal Action No. 3:15-cr-141-DJH

MATTHEW B. CORDER,
Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

**Members of the Jury**, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant started the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

**INSTRUCTION NO. 1—The Burden of Proof ("Beyond a Reasonable Doubt")**

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### INSTRUCTION NO. 2—What Constitutes Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 3—How to Weigh Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 4—The Difference Between Circumstantial and Direct Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5—The Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

1. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

3. Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

5. Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6. Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other

time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7. And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 6—The Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

### INSTRUCTION NO. 7—Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 8—The Charges Against Defendant

Here, the defendant has been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## INSTRUCTION NO. 9—Elements of Count 1

Counts 1 and 2 of the Indictment charge the defendant with separate violations of Title 18, United States Code, Section 242. For you to find the defendant guilty of the crime charged in Count 1 of the Indictment, you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that the defendant acted under color of law;

*Second*, that the defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States, in this case, the right of Deric Baize to be free from an unreasonable seizures, which includes the right not to be arrested without probable cause, and the right to be free from warrantless arrest in one's home absent consent or exigent circumstances;

*Third*, that the defendant acted willfully; and

*Fourth*, that the offense resulted in bodily injury or involved the use, attempted use, or threatened use of a dangerous weapon.

If you are convinced beyond a reasonable doubt that the government has proven all four elements with respect to Count 1, then you may say so by returning a guilty verdict on that charge. Otherwise, you must find the defendant not guilty of that charge.

**INSTRUCTION NO. 9(a)—Count 1 Lesser Included Offense**

The charge alleged in Count 1 includes a lesser included offense.

If you find that the government has not proved all four elements of Count 1 beyond a reasonable doubt, then you must go on to consider whether the government has proved the lesser included offense, which consists of the first three elements of Count 1.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by returning a guilty verdict on that charge.

**INSTRUCTION NO. 10—Elements of Count 2**

Counts 1 and 2 of the Indictment charge the defendant with separate violations of Title 18, United States Code, Section 242. For you to find the defendant guilty of the crime charged in Count 2 of the Indictment, you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that the defendant acted under color of law;

*Second*, that the defendant deprived someone in the United States of a right secured or protected by the Constitution or laws of the United States, in this case, the right of Deric Baize to be free from unreasonable seizures, which include the right to be free from malicious prosecution; and

*Third*, that the defendant acted willfully.

If you are convinced beyond a reasonable doubt that the government has proven all three elements with respect to Count 2, then you may say so by returning a guilty verdict on that charge. Otherwise, you must find the defendant not guilty of that charge.

**INSTRUCTION NO. 11—Element 1: "Acting Under Color of Law"**

The first element the government must prove with respect to Counts 1 and 2 is that the defendant acted under color of law. A person acts under color of law if he is an official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position. A government official, such as a Deputy Sheriff, acts "under color of law" if he is performing his official duties, purporting to perform those duties, or giving the appearance of performing such official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that a defendant was employed as a Deputy Sheriff with the Bullitt County Sheriff's Office, and that he was acting, purporting to act, or giving the appearance of acting as a Deputy Sheriff, then you may find that he was acting under color of law.

**INSTRUCTION NO. 12—Element 2: Deprivation of A Constitutional Right**

The second element requires the government to prove that the defendant deprived Deric Baize of a right secured or protected by the Constitution or laws of the United States. In this case, the government alleges that the defendant deprived the right of Deric Baize to be free from unreasonable seizures, which includes the right not to be arrested without probable cause, the right to be free from warrantless arrest in one's home absent consent or exigent circumstances, and the right to be free from malicious prosecution.

**Probable cause** to arrest someone is present if an objectively reasonable police officer under the circumstances would conclude that there was a fair probability that a person had committed or was committing a crime.

If you find that the defendant arrested Deric Baize without probable cause to believe Deric Baize had committed a crime, then you may find that the arrest at issue was unreasonable.

Arrests that occur **in someone's home** are presumed unreasonable unless one of three things are true: (1) the officer gets an arrest warrant authorized by a judge; (2) the person gives the officer consent to enter his or her home; or (3) there is an emergency situation—often referred to as exigent circumstances. Emergency situations may include a serious threat to someone's health or safety, the imminent destruction of evidence, or the hot pursuit of a fleeing suspect.

If you find that the defendant arrested Deric Baize in his home without a warrant, consent, and in the absence of an emergency situation, then you may find that the arrest at issue was unreasonable.

**Malicious prosecution** occurs when someone acting under color of law, such as a police officer, charges a person with a crime without probable cause to believe that the person actually

committed the charged crime, the officer's actions cause the person to suffer a deprivation of liberty apart from the initial arrest, and the charge against the person is ultimately dismissed.

If you find that the defendant charged Deric Baize with the Kentucky offenses of "second-degree disorderly conduct" and "second-degree fleeing and evading," without probable cause to believe that Deric Baize had actually committed one or both of those crimes, that the officer's actions in falsely charging those crimes deprived Deric Baize's liberty beyond the initial arrest, and that the charge against Deric Baize was ultimately dismissed, then you may find that Deric Baize was maliciously prosecuted.

**INSTRUCTION NO. 13—The Kentucky Offense of "Second-Degree Disorderly Conduct"**

The Kentucky offense of "second-degree disorderly conduct" is defined as follows:

**"525.060 Disorderly conduct in the second degree**

(1)     A person is guilty of disorderly conduct in the second degree when in a public place and with intent to cause public inconvenience, annoyance, or alarm, or wantonly creating a risk thereof, he:

> (a) Engages in fighting or in violent, tumultuous, or threatening behavior;
>
> (b) Makes unreasonable noise;
>
> (c) Refuses to obey an official order to disperse issued to maintain public safety in dangerous proximity to a fire, hazard, or other emergency, or
>
> (d) Creates a hazardous or physically offensive condition by an act that serves no legitimate purpose."

The relevant Kentucky statutes define "public" as "affecting or likely to affect a substantial group of persons."  The relevant Kentucky statutes define "public place" to mean "a place to which the public or a substantial group of persons has access and includes but is not limited to highways, transportation facilities, schools, places of amusements, parks, places of business, playgrounds, and hallways, lobbies, and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence. An act is deemed to occur in a public place if it produces its offensive or proscribed consequences in a public place."

When considering whether a noise is unreasonable under subpart (b), you may consider the time, place, and manner of the noise.

## INSTRUCTION NO. 14—The Kentucky Offense of "Second-Degree Fleeing and Evading"

The Kentucky offense of "second-degree fleeing and evading" is defined as follows:

**"520.100 Fleeing or evading police in the second degree.**

(1) A person is guilty of fleeing or evading police in the second degree when:

> (a) As a pedestrian, and with intent to elude or flee, the person knowingly or wantonly disobeys a direction to stop, given by a person recognized to be a peace officer who has an articulable reasonable suspicion that a crime has been committed by the person fleeing, and in fleeing or eluding the person is the cause of, or creates a substantial risk of, physical injury to any person; or
>
> (b) While operating a motor vehicle with intent to elude or flee, the person knowingly or wantonly disobeys a recognized direction to stop his vehicle, given by a person recognized to be a peace officer.

(2) No offense is committed under this section when the conduct involved constitutes a failure to comply with a directive of a traffic control officer."

## INSTRUCTION NO. 15—Element 3: "Willfulness"

The third element the government must prove with respect to each count is that the defendant acted willfully. A person acts willfully if he acts voluntarily and intentionally, with the specific intent to do something the law forbids. You may find that the defendant acted willfully if you find that he acted in open defiance or reckless disregard of Deric Baize's right to be free from unreasonable seizure. In other words, the defendant acted willfully if he seized Deric Baize knowing or recklessly disregarding the possibility that the seizure was constitutionally unreasonable.

Intent is a state of mind, which can often be proven only by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can still be proven indirectly from the surrounding circumstances.

In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was in the defendant's mind. For example, you may consider the manner in which any constitutional violation was carried out and the duration of any constitutional violation. You may also consider what the defendant said; what the defendant did or failed to do; how the defendant acted; and whether the defendant knew, through training or experience, that his actions violated law or department policy.

In considering the defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable law enforcement officer, standing in similar circumstances and possessing similar knowledge, would

have expected to result from his actions. However, it is entirely up to you to decide what facts to find and what inferences to make from the evidence.

It is not a defense that the defendant may also have been motivated by anger or some other emotion, provided that the intent that I have described to you was present. You may, however, consider such motivations—as well as any malice displayed by the defendant—in determining whether the defendant acted willfully, as I have described that term to you.

## INSTRUCTION NO. 16—Limiting Instruction re Implying Willfulness from Policies and Training

The government has introduced evidence of training the defendant received at the Kentucky Department of Criminal Justice Training and the Bullitt County Sheriff's Office. This evidence has been admitted for a limited purpose. You may use it only to determine whether any defendant acted willfully, as I have just described that word to you.

It is, of course, wholly up to you to determine whether the defendant violated any rule or acted in contravention of his training. If you find any defendant acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a Sheriff's Deputy rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or policy. For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination that the defendant violated Deric Baize's constitutional rights.

In other words, if you determine that the defendant violated a policy of the Bullitt County Sheriff's Office or acted contrary to his training, you should consider that evidence only in determining whether that defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

**INSTRUCTION NO. 17—Element 4: Bodily Injury and the Use of a Dangerous Weapon**

Finally, with respect to Count 1, and only with respect to Count 1, you must decide whether the government has proved beyond a reasonable doubt that the defendant's conduct resulted in bodily injury to Deric Baize or involved the use of a dangerous weapon.

Count 1 of the Indictment charges both that the offense resulted in bodily injury to Deric Baize *and* that the offense involved the use of a dangerous weapon. However, the government does not have to prove *both* that the offense resulted in bodily injury and that a dangerous weapon was used. Proof beyond a reasonable doubt of one of these factors is enough to prove this element, as long as all twelve of you agree that the same factor has been proved. That is, all of you must agree that the government proved beyond a reasonable doubt that the offense resulted in bodily injury; or, all of you must agree that the government proved beyond a reasonable doubt that the offense involved the use of a dangerous weapon. If all of you unanimously agree that the government has proven one or both of these factors beyond a reasonable doubt, then this element has been satisfied.

"Bodily injury" includes any injury to the body, including physical pain or a physical injury, such as a cut, abrasion, bruise, fracture, or disfigurement. The injury need not be significant, severe, or permanent. The government does not need to prove that a defendant intended to cause bodily injury, or that a defendant's acts were the sole cause of bodily injury.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain.

**INSTRUCTION NO. 18—"On Or About" Language in Indictment**

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crimes happened "on or about" October 22, 2014, as to Count 1, and October 23, 2014, as to Count 2. The government does not have to prove that the crime happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

## INSTRUCTION NO. 19—Your Verdict Must Be Unanimous

Your verdict with respect to each count, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 20—Introduction to Specific Evidentiary Issues

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**INSTRUCTION NO. 21—Hybrid Testimony (Testimony Combining Fact and Opinion)**

You heard several witnesses testify to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed for weighing the credibility of witnesses that I explained to you before this trial began and that I gave you earlier in these instructions.

As to the testimony on opinions, you do not have to accept anyone's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**INSTRUCTION NO. 22—The Defendant's Testimony**

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## INSTRUCTION NO. 23

Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 24

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## INSTRUCTION NO. 25

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 26

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

I have prepared a verdict form that you should use to record your verdict. The form reads as follows:

**WE, THE JURY,** find Matthew B. Corder,

As to Count 1: _____ _____

GUILTY                    NOT GUILTY

As to Count 1,
Lesser Included Offense:
(Ignore if Count 1 answer is
"Guilty")

_____ _____

GUILTY                    NOT GUILTY

As to Count 2: _____ _____

GUILTY                    NOT GUILTY

_____

FOREPERSON

Date: _____

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable

doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 28

As I explained to you earlier, the charge in Count 1 includes a lesser charge.

If you find the defendant not guilty of Count 1, then you must go on to consider whether the government has proved the lesser charge of Count 1.

If you decide that the government has proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form. If you decide that the government has not proved this lesser charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

## INSTRUCTION NO. 29

Remember that the defendant is only on trial for the particular crimes charged in the indictment and the lesser charges which I described. Your job is limited to deciding whether the government has proved one or both of the crimes charged or one of those lesser charges.

## INSTRUCTION NO. 30

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 31

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:15-cr-141-DJH

MATTHEW B. CORDER, Defendant.

## VERDICT FORM

**WE, THE JURY,** find Matthew B. Corder,

As to Count 1: _____ _____

GUILTY NOT GUILTY

As to Count 1,
Lesser Included Offense:
(Ignore if Count 1 answer is
"Guilty")

_____ _____

GUILTY NOT GUILTY

As to Count 2: _____ _____

GUILTY NOT GUILTY

_____

FOREPERSON

Date: _____