IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:15-CR-141-DJH |
| | ) | *Electronically Filed* |
| MATTHEW B. CORDER | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through the undersigned attorneys, hereby files its memorandum in support of sentencing, which is scheduled for Monday, October 17, 2016.

### I.      Offense conduct

The United States agrees with and incorporates by reference the recitation of the offense conduct in the presentence report ("PSR").  Because this case went to trial, the United States does not anticipate significant factual disputes about the offense conduct that would require an evidentiary hearing at sentencing.

### II.      Guidelines calculation

The United States agrees with most of the Guidelines calculations in the initial PSR: specifically, that the appropriate base offense level is 10 because Count One is a civil rights offense involving the use of force against a person; that the base offense level should be increased 6 levels because the offense was committed under color of law; and that Counts One and Two should be grouped together. U.S.S.G. §§ 2H1.1(a)(3)(A), 2H1.1(b)(1), 3D1.2(b) (2015).  However, the United States respectfully submits that an additional adjustment is warranted for the restraint of the victim during the course of the offense.

Section 3A1.3 of the Guidelines provides for a two-level upward adjustment where, as

here, "a victim was physically restrained in the course of the offense." U.S.S.G. § 3A1.3. "Physically restrained," in this context, means "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 application note 1(K).  The application notes instruct that this adjustment applies where the victim is physically restrained unless "the offense guideline specifically incorporates this factor, or . . . the unlawful restraint of a victim is an element of the offense itself." U.S.S.G. § 3A1.3 application note 2.

The restraint-of-victim adjustment applies in this case because the Defendant physically restrained D.B. by handcuffing him during the course of the false arrest (Count One), and caused D.B. to be physically restrained in jail for weeks by knowingly charging him with crimes that he did not commit and by including false and misleading information in the arrest report (Count Two). The Sixth Circuit has ruled that in a color-of-law prosecution predicated on a false arrest, like this one, application of the restraint-of-victim adjustment is appropriate and does not amount to double counting. United States v. Epley, 52 F.3d 571, 583 (6th Cir. 1995).  In that case, the defendant-officers were convicted of conspiring to deprive a person of his constitutional rights by, among other things, falsely arresting him on trumped up charges. Id. at 574–75.  At sentencing, the district court overruled the government's request for the restraint-of-victim adjustment, reasoning that "the act of false arrest includes restraining the victim so that the restraint 'cannot be seen as a separate victim related adjustment.' " Id. at 580–81.  The Sixth Circuit disagreed, explaining that physical restraint, although often associated with false arrest, is not an element of the underlying civil rights violation and was not specifically incorporated into the guideline, so it does not fall within the exceptions listed in the application notes. Id. at 583.  Because the defendant-officers physically restrained the victim during the course of the offense first by handcuffing him and then by taking him into custody,

the Court ruled, the restraint-of-victim adjustment was warranted. <u>Id.</u>

Application of the restraint-of-victim adjustment would result in a total offense level of 18. Because the Defendant has a criminal history category of I, the United States respectfully submits that his Guidelines range should be 27–33 months of imprisonment.

### III.     Sentencing factors

This Court must ultimately affix a sentence that is sufficient, but not greater than necessary, to further the following purposes of sentencing:

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)     to afford adequate deterrence to criminal conduct;
>
> (C)     to protect the public from further crimes of the defendant; and
>
> (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The United States respectfully submits that a sentence of 27 months of imprisonment, the low end of the Defendant's Guidelines range, is sufficient, but not greater than necessary, to further those purposes in this case.

A within-Guidelines sentence would recognize the societal harms wrought by the Defendant's misconduct. "The seriousness of section 242 crimes simply cannot be understated, as they harm far more than individual victims; society as a whole is harmed when those entrusted to protect the public and enforce the laws turn to lawlessness themselves." <u>United States v. Boone</u>, 110 F. Supp. 3d 909, 917 (S.D. Iowa 2015), <u>aff'd</u> 828 F.3d 705 (8th Cir. 2016).  "When a law enforcement officer commits a crime . . . the system has failed, because the very people whom we

have entrusted to protect the citizenship from crime are subjecting citizens to crime.  A law enforcement officer's violation of the law is not comparable to an ordinary criminal's violation. Civil rights crimes go to the core of our system and endanger the entire structure of our government . . ." United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711941, at *50 (D.N.M. Feb. 5, 2015) (unpublished), aff'd 804 F.3d 1317 (10th Cir. 2015).

A within-Guidelines sentence would take into account the reputational harm to other law enforcement officers.  The overwhelming majority of police officers are hard-working and well-meaning men and women who put their lives on the line to keep us safe.  When a police officer like the Defendant willfully abuses the power entrusted to him, and then lies to cover it up, his actions erode the public's trust in righteous and evenhanded law enforcement and defame the reputations of his fellow officers. See United States v. Guerra, 463 F. App'x 451, 453 (5th Cir. 2012) (unpublished) (emphasizing that defendant-officer's "flagrant abuse of the public trust" caused his "community to suffer a significant loss in confidence in its government and law enforcement"); Boone, 110 F. Supp. 3d at 917 (explaining that the defendant-officer's misconduct "damages the reputation of police officers generally, and . . . 'impugns the credibility and work of the hundreds of upstanding officers who serve[d in the Defendant's] department' ").

A within-Guidelines sentence would punish the Defendant for the specific harms to D.B., who suffered the physical harm of being tased in the back; the reputational harm of being arrested for and charged with crimes he did not commit; the indignity of spending weeks in jail; and the lasting economic harm of losing his job and, ultimately, his home.

A within-Guidelines sentence would account for the fact that the Defendant's actions in this case were not a one-time lapse in judgment, but rather another chapter in a long history of official

misconduct.  Over the course of his career as a law enforcement officer, the Defendant has been fired from three law enforcement agencies for abusing his power, has lied to internal investigators to cover up those abuses, has been sued successfully for excessive force, and even has been criminally prosecuted for official misconduct.  Despite being given additional training and the opportunity for second and third chances, the Defendant has consistently shown that he lacks either the ability or the desire to reform his behavior.  His long history of misconduct, notwithstanding his lack of a criminal record, militates against a downward departure.

Finally, a within-Guidelines sentence will send a strong message to rogue officers like the Defendant that if they abuse their authority and lie to cover it up, they will not get away with a slap on the wrist.  The need for "general deterrence is especially compelling in the context of officials abusing their power." United States v. Hooper, 566 F. App'x 771, 773 (11th Cir. 2014) (unpublished).  That is because police misconduct and obstruction "may easily go undetected and unpunished," so in the rare instance that it is ferreted out, the interest in general deterrence requires that a strong message be sent to would-be violators. United States v. McQueen, 727 F.3d 1144 1158 (11th Cir. 2013); see also id. at 1158–59 (explaining that because "[t]he ability to unearth these crimes by law enforcement officers . . . is particularly difficult . . . extraordinarily lenient sentences . . . sap the goal of general deterrence"); see also United States v. Ronda, 455 F.3d 1273, 1302 (11th Cir. 2006) (affirming within-Guidelines sentence imposed, in part, "to deter against future criminal activity by these defendant[-officer]s as well as by others similarly situated who may be tempted to violate the law and their oath of office to protect themselves or their fellow officers from possible state or federal criminal investigations"); Rodella, 2015 WL 711941, at *51 ("Even if [the defendant-officer] will likely never violate another person's constitutional rights, a

serious sentence on Count 1 sends a message to all law enforcement officers to not abuse their positions."); Alexa P. Freeman, *Unscheduled Departures: The Circumvention of Just Sentencing for Police Brutality*, 47 HASTINGS L.J. 677, 715 (1996) ("With police brutality, both the laws and the sentences must communicate that the action is forbidden.  If most sentences for this crime are weak, then the goal of criminalization will be eroded.  In other words, while it is axiomatic that we need laws which prohibit police brutality, we also need sentences that reinforce our condemnation of the behavior.").

For all of those reasons, the United States respectfully requests a within-Guidelines sentence of 27 months of imprisonment.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court apply the

Sentencing Guidelines, as calculated above; to follow the statutory directives set out in 18 U.S.C.

§ 3553(a); and to impose a sentence of 27 months of imprisonment for Counts One and Two.


Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT ATTORNEY
GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

*s/ Christopher J. Perras*
Christopher Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
601 D Street NW
Washington, DC 20004

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY
WESTERN DISTRICT OF KENTUCKY

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
PH:  (502) 582-5016
FAX: (502) 582-5067
Email: amanda.gregory@usdoj.gov

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the counsel to the defendant.

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney

8