UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:15CR-141-DJH
UNITED STATES OF AMERICA,                                          PLAINTIFF,

vs.

MATTHEW B. CORDER,                                                 DEFENDANT.

### DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Matthew Corder, was indicted in this case for one felony count and one misdemeanor count of deprivation of rights under color of law. 18 U.S.C. §242. He is scheduled to be sentenced by the Court on October 17, 2016. The case was tried by jury from July 18, 2016 to July 22, 2016, and a guilty verdict was returned on the felony and misdemeanor count. The summary of the events in the PSR (¶ 6-13) is accurate in that it correctly states the proof presented by the government. The defense, and Mr. Corder in his testimony, acknowledged this conduct in large part. There is, of course, a dispute as to the legality of that conduct, and Mr. Corder retains his right to appeal. Therefore, to the extent that the summary of offense conduct in the PSR appears to differ from any testimony of Mr. Corder, if it does, the defense asserts that Mr. Corder's testimony is accurate.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

I.

## The Pre-Sentence Report

**A.  Objections to the PSR.**

The defendant has no objection to the PSR, as written.  It is noted, however, that the government has objected to the initial presentence report, requesting a two level increase under USSG §3A1.3.  (DN 61, Government Sentencing Memorandum, p. 1-2).  The defense objects to the application of the two level enhancement under this section.

**B.  Statutory Sentencing Range**.

The statutory sentencing range is 0 to 10 years on count one, and 0 to 1 year on count two.

**C.  Advisory Guideline Range**

The PSR calculates Mr. Corder's guideline range as a final offense level 16, and a Criminal History Category I.   The defense has no objection to these calculations.   This results in a guideline range of 21-27 months. (DN 62, PSR, Page 14).

The defense does not agree that a two level enhancement should be applied under §3A1.3 for restraint of victim.  As noted in the commentary to §3A1.3, this adjustment should not be applied "where the unlawful restraint of a victim is an element of the offense itself".  In this case, Mr. Corder was convicted of violating Mr. Baize's right to be free from unreasonable seizure by seizing him without probable cause, and unlawfully entering his home to do so.  18 U.S.C. §242 does not specifically list physical restraint as an element of the offense, since there are any number of constitutional rights that may be  illegally taken

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

away or abridged.  However, as the government noted in its Sentencing Memorandum, physical restraint is often associated with false arrest (DN 61, Government Sentencing Memorandum, p 2).  In this case, the unreasonable seizure, or arrest of Mr. Baize in his home was an element that the jury was required to find under Instruction No. 9, which listed the elements of Count One (the felony count).  Therefore, under the facts of this case, Mr. Corder could not be convicted without illegally denying Mr. Baize's constitutional right to be free from unlawful arrest.  In citing *United States v. Epley*, 52 F. 3d, 571 (6th Cir 1995), the government notes that the court ruled the restraint of victim increase was justified because the defendant/officers in that case handcuffed the victim first, then took him into custody.  Of course, that occurred in this case as well.

Notwithstanding the above, the distinction in this case is that Mr. Baize was also charged with resisting arrest.  At no point in the trial was there a contention that this was an illegal charge. As noted in the commentary to KRS 520.090 (Resisting Arrest), "(i)n the interest of removing such disputes from the street to their proper forum, the unlawfulness of an arrest may not be raised as a defense to a prosecution under this section".  Upon Mr. Baize opening the door of his home, the defendant ordered him to step outside.  He did not threaten to arrest, restrain or handcuff Baize.  It was only upon the refusal of Baize to submit to the order to exit that Corder began the process of pulling Baize out of the door.  Upon Baize's resistance, Corder then restrained him with handcuffs, and subsequent arrest.  The handcuffs, and seizure, came as a result of the resisting arrest, and were not illegal within the context of that charge.  Had Mr. Baize not resisted arrest, Mr. Corder testified, and there is no evidence

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

to the contrary, that he would likely not have arrested, nor handcuffed, Mr. Baize.

**D.     Requested sentence**

The defense believes strongly that a sentence of probation is appropriate, fair, and sufficient, but not greater than necessary to satisfy the purposes set forth in 18 U.S.C. §3553.

To be a police officer means one is held to a much higher standard of conduct than that of other citizens. "Fighting words" that may justify an ordinary citizen to engage in a physical altercation with another, do not justify retaliation from an officer, human nature aside. The prosecution emphasized this repeatedly during trial, characterizing this sequence of events as "contempt of cop", which was noted at trial to be a recurrent systemic problem that required training. In this case, violation of that principle was addressed, and as a result, *Officer* Corder lost his job as deputy sheriff, and became *Mr.* Corder.[1] This loss of job, and eventually his career, is a significant, serious punishment.

Additionally, Mr. Corder now stands convicted of a felony offense. This will seriously, negatively affect his ability to gain good employment and maintain an income flow to support him and his family in the future. He had hoped to begin schooling to become an aircraft mechanic. However, as a convicted felon, his ability to get licences to pursue this, and many other professions, is now hampered if not curtailed completely.

If additional punishment in the form of detention is deemed necessary by the court,

---

[1] It should be noted that only occurred after many months, and during the intervening time Officer Corder served without negative incident, with additional supervisory authority.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

options such as home incarceration are available. To place Mr. Corder, a former law enforcement officer, in prison, can be problematic and possibly place him in a situation more dangerous and punitive than what would be the case for an ordinary citizen.

Mr. Corder has no criminal record. He is absolutely not a danger to society. He has no desire, nor possibility of ever becoming a law enforcement officer again. A prison sentence, in addition to the penalties already imposed or likely, would provide no additional deterrence to criminal conduct, as there is virtually no danger of such conduct.

The government cites "a long history of official misconduct" as a rationale not to depart downward from the guideline range. (DN 61, U.S. Sentencing Memorandum, p 4-5). Again, misconduct on the job is a far different consideration than criminal conduct, which is the issue here. Officer Corder's job history, like many individuals, is not perfect, but includes no criminal conduct. That said, his personnel file, much of which was included in discovery, also documents a long history of meritorious service. This includes numerous medals, awards, and letters of commendation.

Officer Corder, while at the Louisville Police Department, received the Medal of Valor for a 1997 incident at a White Castle restaurant. On that occasion, he confronted an armed individual who had assaulted, and was continuing to threaten customers. Officer Corder maintained calm, and was able to de-escalate the situation, and disarm the individual. As the letter from his platoon sergeant stated, "(d)ue to Officer Corder's quick response and bravery confronting the suspect, he undoubtedly prevented further victims and possibly the loss of human life". See Attachment A.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

He received at least two exceptional merit awards. One from a 1993 incident in which he prevented a mentally ill individual from committing suicide. He developed a rapport with the individual, who would only converse with Corder, and not the negotiating team that was present. As Lt. Alpiger noted in his letter, "...had Officer Corder not acted quickly, professionally, and compassionaltely to calm Mr. S***** and gain his trust, the incident may well have resulted in Mr. S**** taking his own life or worse yet, his using the police to commit suicide by firing at them". See Attachment A.

In another high profile case, the victim went on televison news and credited Officer Corder for saving her life. These are but a few examples of exceptional service that helps reveal a picture that is different than what is characterized by the government.

Officer Corder was, at the time, the only officer who was certified to be on both the bomb squad, and the dive team. This enabled him to perform tasks over and above what the ordinary officer could accomplish. He performed these duties with exceptional professionalism as well.

As noted above, the individuals who provided officer training in this case explained that the issue of "contempt of cop" was a systemic problem that occurred frequently enough that it required attention at training courses. Certainly, this is because, when baited, human beings sometimes react in a like manner. If one cannot refrain from this, he or she is not suitable for employment in law enforcement. A citizen is likewise under the obligation to use restraint, and to submit to authority of the police. Even though probable cause may not have

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

been present[2], Mr. Baize was under the obligation to submit to the color of authority of the police, and not resist arrest. His actions, while found to be not illegal, were inappropriate and ill-advised taunting. This case did not involve an excessive use of force. The *Epley* case, for example, involved a conspiracy by a number of law enforcement officers to plant illegal drugs and guns on an innocent individual. It was an intentional, advance plan. Even in that instance, two of the defendants received probation as a sentence.

After consideration of all the factors listed in 18 U.S.C. §3553, a sentence of probation, with a possible term of home incarceration, is sufficient, but not greater than necessary to comply with the objectives set forth in that statute.

/s/ Donald J. Meier
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

---

[2]The defense, of course, believes there was probable cause, but respects the jury's finding

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## **CERTIFICATE**

      I hereby certify that on October 14, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

                                          /s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

8