UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                                       CRIMINAL ACTION NO. 3:15-CR-141-DJH

MATTHEW B. CORDER                                                           DEFENDANT

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR BOND PENDING APPEAL**

Electronically Filed

The United States opposes Defendant's motion for bond pending appeal. The Defendant is not entitled to remain on bond pending appeal for two independent reasons: (1) the Defendant has failed to carry his burden of establishing that his appeal raises a substantial question of law or fact likely to result in the reversal of his convictions or a reduction of his sentence, and (2) one of the Defendant's two offenses of conviction is a crime of violence requiring detention pending appeal absent exceptional circumstances, which do not exist here.

**BACKGROUND**

Defendant Matthew Corder was convicted after a jury trial of two counts of willfully depriving a person of constitutional rights under color of law. (DN 1, 50). This Court sentenced the Defendant to 27 months of imprisonment on Count One, and 12 months of imprisonment on Count Two, to run concurrently. (DN 71). On October 24, 2016, Defendant filed a motion to remain on bond pending appeal. (DN 74).

**LAW**

Where, as here, a defendant is convicted after trial and sentenced to a term of imprisonment, his eligibility for release pending appeal is governed by 18 U.S.C. §§ 3143 and 3145. Generally,

"Section 3143(b)(1) creates a presumption against release pending appeal." <u>United States v. Mullet</u>, No. 13-3205, 2013 WL 8367565, at *1 (6th Cir. July 24, 2013) (citing <u>United States v. Chilingirian</u>, 280 F.3d 704, 709 (6th Cir. 2002)). A defendant can overcome that presumption only by establishing (1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released, (2) that the appeal is not for the purpose of delay, and (3) that the appeal raises a substantial question of law or fact *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1). If a defendant's conviction is for a "crime of violence," or any other offense described in subparagraphs (A), (B), or (C) of subsection (f)(1) of section 3142, the standard is higher: he is statutorily ineligible for release pending appeal, unless he can establish the three criteria described above and also "clearly [show] that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. §§ 3143(b)(2) and 3145(c).

## ARGUMENT

Defendant's motion to remain on bond pending appeal should be denied for two independent reasons. First, the Defendant has failed to carry his burden of establishing that his appeal raises a substantial question of law or fact likely to result in the reversal of his convictions or a reduction of his sentence. Second, Defendant has been convicted of a crime of violence requiring detention pending appeal, and there are no exceptional reasons detention is not appropriate.

 **I.**  **Defendant has not carried his burden of showing that his appeal raises a substantial question of law or fact likely to result in reversal of his convictions or a reduced sentence**

To establish an entitlement to release pending appeal, 18 U.S.C. § 3143(b) requires a defendant to show (1) that he is not likely to flee or pose a danger to the safety of any other person

2

or the community if released, (2) that the appeal is not for the purpose of delay, and (3) that the appeal raises a substantial question of law or fact likely to result in the reversal of his conviction or the reduction of his sentence. 18 U.S.C. § 3143(b)(1). The third prong requires the Defendant to identify a novel or undecided legal issue that could reasonably be decided in his favor and that "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the [his] favor." United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985) (citation omitted).

The Defendant has not carried his burden under prong three of the § 3143(b)(1) analysis. The Defendant identifies four issues he intends to appeal, but he does not offer argument or citations to authority to establish that they are novel or undecided issues, that they are likely to be decided in his favor, and that they are so integral to the verdict that if they are decided in his favor, his convictions or his sentence will likely be overturned. See, e.g., United States v. Sypher, No. 3:09-CR-00085, 2011 WL 1314669, at *3 (W.D. Ky. Apr. 1, 2011) (holding that defendant, who "offer[ed] a lengthy list of 'issues' to be presented on appeal" but "provide[d] no legal authority—and indeed, no rational argument—that any issue amount[ed] to a substantial question of law or fact," failed to carry her burden under prong three of the § 3143(b)(1) analysis).

The Court's rulings on the four issues raised by the Defendant were well-supported by circuit authority and rendered after both sides were given the opportunity to argue their positions. Because the Defendant has not carried his burden of raising a substantial and material question of law or fact likely to be resolved in his favor on appeal, the Defendant is ineligible for release pending appeal under § 3143(b)(1).

**II.    The Defendant is ineligible for release pending appeal because one of his convictions is for a "crime of violence" and defendant has not shown exceptional reason that detention is not appropriate.**

Subsection (b)(2) of the federal statute governing a defendant's eligibility for release pending appeal provides, in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b)(2). A "crime of violence" is one category of offenses described in subparagraph (A) of subsection (f)(1) of section 3142. 18 U.S.C. § 3142(f)(1)(A). A "crime of violence" is defined as:

(A)   an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; [or]

(B)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4).[1]

Count One of the Indictment, which charged the Defendant with a felony violation of 18 U.S.C. § 242, qualifies as a crime of violence because the jury was required to find that the offense either "resulted in bodily injury" or "involved the use of a dangerous weapon." See United States v. Verbickas, 75 F. App'x 705, 707 (10th Cir. 2003) (unpublished) ("We have no trouble

---

[1] Due to the ever-evolving case law on the definition of "crime of violence," Defendant may argue that the residual clause of the definition of "crime of violence in 18 U.S.C. § 3156 is void for vagueness pursuant to Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015). Johnson held that the residual clause of the definition of "crime of violence" under the Armed Career Criminal Act is unconstitutionally vague. Id. at 2561. However, there is no similar decision invalidating the residual clause of "crime of violence" under 18 U.S.C. § 3156(a)(4). Further, Johnson recognized that the combined uncertainties that made the residual clause of the Armed Career Criminal Act invalid might be acceptable in other contexts or in isolation. Id. at 2560. Section 3156(a)(4)(B) does not have the combined set of factors that coalesced in Johnson to persuade the Court that the residual clause was unconstitutionally vague. Further, even if Johnson did apply to the residual clause of 18 U.S.C. § 3156(a)(4)(B), the definition of "crime of violence" under 18 U.S.C. § 3156(a)(4)(A) would still stand.

4

concluding that the offense defined by § 242 that includes the element of bodily injury involves a substantial risk that physical force will be used in the commission of the offense, and is therefore a "crime of violence" under § 3156(a)(4)(B)."); United States v. Acosta, 470 F.3d 132, 135–36 (2d Cir. 2006) (holding that the offense defined by § 242 that includes the element of use of a dangerous weapon qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) because it has an element of the "use, attempted use, or threatened use of a physical force against the person or property of another"); United States v. Williams, 343 F.3d 423, 434 (5th Cir. 2003) (holding that a felony violation of 18 U.S.C. § 242, which has as an element resulting bodily injury or the use of a dangerous weapon, is "unquestionably" a crime of violence).

While generally detention pending appeal is required for a "crime of violence," 18 U.S.C. § 3145(c) provides an exception if the defendant can establish the three requirements of 18 U.S.C. § 3143(b)(1) and also clearly show that there are "exceptional reasons" that detention is not appropriate. As explained above, Defendant has not met his burden of showing the appeal raises a substantial question of law or fact likely to result in the reversal. Further, Defendant has not offered any exceptional reasons that would make detention inappropriate.

Because the Defendant was convicted of Count One of the Indictment, which qualifies as a crime of violence, and because he has not shown there are exceptional reasons that such detention would not be appropriate, he is ineligible for release pending appeal under § 3143(b)(2).

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that Defendant's motion to remain on bond pending appeal should be denied.

Respectfully submitted,

VANITA GUPTA
PRINCIPAL DEPUTY ASSISTANT ATTORNEY
GENERAL
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

By: *s/ Christopher J. Perras*
Christopher J. Perras
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice

JOHN E. KUHN, JR.
UNITED STATES ATTORNEY

By: *s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5016 (Tel.)
(502) 582-5067 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Don Meier, counsel for Defendant.

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney