```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                         LOUISVILLE DIVISION


UNITED STATES OF AMERICA,      )    Case No. 3:15-CR-00141-DJH
                               )
       Plaintiff,              )
                               )
   VS.                         )
                               )
MATTHEW B. CORDER,             )
                               )    January 19, 2016
         Defendant.            )    Louisville, Kentucky


                          * * * * *

         TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
              BEFORE HONORABLE DAVID J. HALE
                 UNITED STATES DISTRICT JUDGE

                          * * * * *

APPEARANCES:

For United States (appearing telephonically):
                         Amanda E. Gregory
                         U.S. Attorney's Office
                         717 West Broadway
                         Louisville, KY 40202

                         Christopher J. Perras
                         U. S. Department of Justice
                         601 D Street, NW
                         Washington, DC 20004


[Defendant present.]

                         Dena Legg, RDR, CRR, CCR-KY
                           Official Court Reporter
                           232 U.S. Courthouse
                           Louisville, KY 40202
                             (502) 625-3778

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1   APPEARANCES (CONTINUED):

 2   For Defendant (appearing telephonically):
                               Donald J. Meier
 3                             Western Kentucky Federal
                                  Community Defender, Inc.
 4                             629 S. 4th Avenue, Suite 200
                               Louisville, KY 40202
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1        (Begin proceedings in chambers at 2:49 p.m.)
 2             THE COURT:  Hello.  Good afternoon.
 3             MR. MEIER:  Hello.
 4             MS. GREGORY:  Good afternoon, Your Honor.
 5             MR. PERRAS:  Good afternoon, Your Honor.
 6             THE COURT:  Let's see here.  We have United States v.
 7   Matthew Corder.  Mr. Meier, you're here for Mr. Corder?
 8             MR. MEIER:  I am, Judge.
 9             THE COURT:  And, Ms. Gregory, you're here for the
10   United States?
11             MS. GREGORY:  Yes, Your Honor.
12             THE COURT:  Is that right?  And we have an interloper
13   from Washington, D.C. also on the line; is that right?
14             MR. PERRAS:  We do.  My name is Chris Perras.
15             THE COURT:  All right.  Well, welcome to Louisville.
16        Let's see.  Mr. Meier, you filed a motion to continue.  And,
17   Ms. Gregory, I guess you-all have no objection to that; is that
18   right?
19             MS. GREGORY:  That's correct, Your Honor.
20             THE COURT:  Okay.  Well, rather than simply reset it,
21   because it is a potentially -- well, Mr. Meier says in his
22   motion this is a case that's slightly more likely than normal to
23   be tried.  I thought it best to get you-all together on the
24   phone and actually see if we can pick a date that will work all
25   the way around the table.
```

1   So let's see here. How long do you think you need in terms
2   of a continuance, Mr. Meier, in order to get ready?
3           MR. MEIER: Well, Judge, you know, I think to be
4   realistic and to set a date that we actually, you know, aren't
5   planning on kicking down the road a few times -- the initial
6   date would have been too early anyway, not to mention the more
7   important fact that I was supposed to be on a ski vacation that
8   week but --
9           THE COURT: You might be able to ski here tomorrow.
10          MR. MEIER: Well, yeah, you're right. But in any
11  event, you know, he's been to trial before and given the facts.
12  There's also a bunch of pretrial issues we're probably going to
13  have to hash out. There's probably -- there's several thousand
14  pages worth of discovery. There's 404 issues. There's
15  videotapes of prior trials that have to do with 404. There's
16  quite a bit to go through, and I haven't even met with the
17  client because of a trial I'm starting here in Bowling Green.
18  So I'm meeting with him next week. So that's the long way of
19  saying to set a date that's realistic and that we can actually
20  shoot for, I would hope for something like June or July.
21          THE COURT: Well, I thought you'd ask for some time.
22  I didn't think you would mention July.
23          MR. MEIER: Well, June.
24          THE COURT: Okay.
25          MR. MEIER: Maybe I should have started with

```
 1   September.
 2            THE COURT:  Yeah, then worked your way back.
 3       Well, Ms. Gregory, how do you-all -- Mr. Perras, how do
 4   you-all feel about an extension or a continuance of that length?
 5            MS. GREGORY:  We have no objection to that.  I mean,
 6   Mr. Meier and I have talked about likely issues that are going
 7   to arise on each side.  And while -- for this -- I don't know
 8   that this case has a lot of discovery compared to a normal white
 9   collar case, but compared to this type of case it does, in part
10   because we think that willfulness is going to be a key issue.
11   So going through, basically, all of his time, the defendant's
12   time as a police officer on prior forces and the types of
13   training that he received are sort of key things that both sides
14   have to get into and that can be time-consuming.
15            THE COURT:  Right.  Okay.  And how long a trial do you
16   anticipate this will be?
17            MS. GREGORY:  I would -- and, Chris, pipe in -- I
18   think I said maybe three days when asked initially.  Chris, do
19   you have --
20            MR. PERRAS:  I'm guessing it would be closer to a
21   week, but I don't think this is going to be, you know, a
22   two-week or three-week trial.
23            MR. MEIER:  It would seem it would be probably, I'm
24   guessing, dependent in large part on how much of the 404 is
25   going to -- how much 404 evidence is actually introduced would
```

```
 1    be my thought.
 2              MR. PERRAS:  Yeah, I agree with that, Don.
 3              THE COURT:  All right.  I think what we're going to
 4    have to do is we're going to have to look at the week of July
 5    18th.
 6              MS. GREGORY:  That's open for me.
 7              MR. PERRAS:  For me as well.
 8              THE COURT:  Was that all three of you?  I'm sorry.
 9              MR. MEIER:  Yes.
10              MS. GREGORY:  Yes.
11              THE COURT:  All right.  Then we'll set it to begin
12    Monday, July 18.  Let's go ahead now pick a date for another
13    status conference.  How about Tuesday, March 22nd?
14              MS. GREGORY:  That's fine with me.
15              MR. MEIER:  Fine with me.
16              MR. PERRAS:  Fine with me.
17              THE COURT:  All right.  We'll set that for 10:00 a.m.
18    on Tuesday, March 22nd, and then we're going to make some Speedy
19    Trial Act findings.  I think, given the representations that
20    you-all have made about the extent of the discovery and the
21    record at issue here, we'll declare the case complex.  And given
22    the nature of the motion and the United States' position
23    regarding continuance, we'll go ahead and enter those findings
24    in the order that follows today's status conference.  We'll set
25    the trial date, as I said, and we'll back all of the pretrial
```

```
 1   deadlines back from that date again.  And then we will add to
 2   that the status conference on March the 22nd.
 3              MR. MEIER:  Thank you, Judge.
 4              THE COURT:  Mr. Meier, you anticipate the possibility
 5   of a motion or two?
 6              MR. MEIER:  Well, I -- yes, that's possible, but I
 7   think what's more likely is I think it's more likely that we're
 8   going to be arguing at some point over 404 evidence.  So, you
 9   know, that's just based on the discovery I've received and
10   informal discussions that I've had and common sense.  So I'm
11   expecting that is going to be one of the major pretrial issues
12   that we're going to discuss.
13              THE COURT:  Okay.
14              MR. MEIER:  I mean, theoretically, there could be
15   motions to suppress statements and that kind of thing, but I
16   frankly don't see that --
17              THE REPORTER:  Mr. Meier, I can't hear you.
18              MR. MEIER:  I'm sorry.  I said technically there could
19   be motions to suppress statements and that type of thing, but
20   I -- given the circumstances of this case, I don't see those
21   coming up.  I see 404 as the main issues that we'll be
22   discussing before trial.
23              THE COURT:  All right.  Well, by the time we get to
24   our March 22nd status conference, if you-all haven't already
25   teed up that issue, then probably by then I would anticipate
```

1   you-all will know a bit more about whether it is -- 404 issues
2   are going to need to be dealt with or whether it was merely a
3   passing fancy, Mr. Meier.
4           MR. MEIER:  I'm hoping it was a passing fancy, but I
5   don't think it will be.
6           THE COURT:  All right.  Well, we'll deal with it then.
7   It seems to me, unless -- as I say, unless you-all flesh it out
8   in advance of that.
9           MR. MEIER:  So the March 22nd hearing is an in-person
10  hearing in court; is that correct?
11          THE COURT:  Yes, I think so.  I think we'll do that in
12  court on the 22nd, and that way we'll all be able to -- by
13  then -- let's see, that's two months down the road.  So by then,
14  I would hope that you-all will have had a chance to sort through
15  the materials that you've referred to in the record and so
16  forth.
17      And by then we'll be able to decide if we're going to need
18  any hearings, if we're going to need argument on the 404(b)
19  issue, if there end up actually being any suppression issues to
20  talk about and any further tweaks to the schedule then.  I would
21  not anticipate us needing to further continue the case absent
22  some extraordinary circumstances, but that's a good date a
23  couple of months down the road from now.  You-all will know a
24  lot more about the case by then.  It's still well in advance of
25  the trial date.  So we'll use it as an opportunity to manage all

```
 1    the pretrial issues.  All right.
 2              MR. MEIER:  Fine.
 3              MR. PERRAS:  Thank you, Your Honor.
 4              THE COURT:  Anything else we need to talk about?
 5              MS. GREGORY:  Nothing from the Government.
 6              MR. MEIER:  Nothing from the defense, Judge.
 7              THE COURT:  All right.  Thank you-all.
 8              MR. MEIER:  Thank you.
 9              MS. GREGORY:  Thank you, Your Honor.
10              MR. PERRAS:  Thank you.
11         (Proceedings concluded at 3:00 p.m.)
12                       C E R T I F I C A T E
13      I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
14   THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
15
16
           _____s/Dena Legg_____                 December 9, 2016
17   Certified Court Reporter No. 20042A157        Date
     Official Court Reporter
18
19
20
21
22
23
24
25
```