UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.   Criminal Action No. 3:15-cr-141-DJH

MATTHEW B. CORDER, Defendant.

\* \* \* \* \*

### ORDER

Following his sentencing, Defendant Matthew Corder filed a motion for bond pending appeal (Docket No. 74).  Corder's motion for bond pending appeal will be denied.  Corder has not demonstrated that his appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or change in sentence.  In addition, Corder was convicted of a "crime of violence" and has not shown an "exceptional reason" why detention would be inappropriate.

"There is a presumption against release pending appeal." *United States v. Benham*, No. 09-1184, 2011 WL 10647664, at \*3 (6th Cir. Apr. 14, 2011) (citing *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002)).  "To establish entitlement to release pending appeal, defendant must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term of imprisonment." *United States v. Sargent*, 19 F.3d 20 (6th Cir. 1994) (citing 18 U.S.C. § 3143(b)).  The Sixth Circuit has established that "an appeal raises a substantial question when the appeal presents a 'close question or one that can go either way,' and that the question is 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's


favor.'" *United States v. Word*, No. 86-5209, 1986 WL 17178, at *1 (6th Cir. June 3, 1986); *see also United States v. Pollard,* 778 F.2d 1177, 1182 (6th Cir. 1985).

Because the United States does not dispute the first element, the Court concludes that Corder is not a flight risk and does not pose a danger to another person or the community. (*See* D.N. 76) Rather, the United States argues that Corder should not be released pending appeal because he has not shown "that this appeal raises a substantial question of law or fact likely to result in reversal of his convictions or a reduced sentence." (D.N. 76, PageID # 1088) The United States also argues that the defendant is ineligible for release pending appeal because he was convicted of a "crime of violence," and he has not shown an "exceptional reason" for why detention is not appropriate. (D.N. 76, PageID # 1090–91)

In his motion for bond pending appeal, Corder asserts that he plans to raise the following issues on appeal:

1. The jury instructions regarding the law as it relates to exceptions to the warrant requirement, and the Kentucky offense of Disorderly Conduct (See, DN 44).;

2. The redaction of the stipulation of probable cause for the arrest of D.B., which was originally part of the state court order dismissing the case against D.B.;

3. The denial by this Court of Mr. Corder's right to assert the Fifth Amendment, and refuse to answer questions relating to prior unrelated conduct under Fed. Rule of Evid. 608;

4. The Court denying the defendant's request for a non-guideline sentence.

(D.N. 74, PageID # 1080) Corder contends that these issues "constitute substantial questions of law likely to result in a reversal." (*Id*., PageID # 1081) As the United States points out in its response brief, other than this conclusory statement, Corder does not provide any argument or cite any authority to support his contention that these issues are close questions "that can go either way" and are "so integral to the merits of the conviction that it is more probable than not

that reversal or a new trial will occur if the question is decided in the defendant's favor." (*See* D.N. 74; D.N. 76, PageID # 1088–89) *Word*, 1986 WL 17178, at *1. Therefore, the defendant has not met his burden of showing that these issues "raise[] a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term of imprisonment." 18 U.S.C. § 1343(b).

The United States argues that not only has Corder failed to meet this burden but he is ineligible for release because he was convicted for a "crime of violence." (D.N. 76, PageID # 1090–91) The relevant statutes provide that a defendant convicted of a "crime of violence" and "sentenced to a term of imprisonment, and who has filed an appeal" must be detained pending appeal unless the defendant can provide "exceptional reasons" for why detention is not appropriate. 18 U.S.C. §§ 3142(f)(1)(A), 3143(b), 3145(c). A "crime of violence" is defined as follows:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117

18 U.S.C. § 3156(a)(4).

Count One of the indictment charged the defendant with willfully depriving the victim of the right to be free from unreasonable seizure in violation of 18 U.S.C. § 242. (D.N. 1, PageID # 1) The count also alleged that "this offense involved the use of a dangerous weapon and resulted in bodily injury to [the victim]." (*Id*.) The jury found the defendant guilty on this count. (D.N. 50)

3

Multiple courts have concluded that a conviction pursuant to § 242 constitutes a crime of violence. The Tenth Circuit had "no trouble concluding that the offense defined by § 242 that includes the element of bodily injury," which Corder was convicted of, "involves a substantial risk that physical force will be used in the commission of the offense, and is therefore a 'crime of violence' under § 3156(a)(4)(B)." *United States v. Verbickas*, 75 F. App'x 705, 707 (10th Cir. 2003) (unpublished); *see also United States v. Acosta*, 470 F.3d 132, 136 (2d Cir. 2006) (finding that the bodily injury clause of § 242 is "necessarily" a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), which defines "crime of violence" in essentially the way same was as 18 U.S.C. §3156); *United States v. Williams*, 343 F.3d 423, 434 (5th Cir. 2003) (holding that a conviction under the bodily injury clause of § 242 is "unquestionably" a "crime of violence" under § 924(c)(3)); *United States v. Cook*, 526 F. Supp. 2d 10, 19 (D.D.C. 2007) (holding that a police officer convicted under the bodily injury clause of § 242 had committed a "crime of violence"), *aff'd*, 330 F. App'x 1 (D.C. Cir. 2009); *United States v. Lavallee*, 269 F. Supp. 2d 1297, 1298–99 (D. Colo. 2003) (finding that a conviction under the bodily injury clause of § 242 is a "crime of violence" because "it is a felony that, by its nature, involves a substantial risk that physical force against a person may be used in the course of committing the offense" and "bodily injury was submitted to the jury as an essential element of an offense under § 242."). The Court agrees with the Tenth Circuit's reasoning and finds that the defendant's conviction was for a "crime of violence."

Nevertheless, 18 U.S.C. § 3145(c) provides that even those convicted of "crimes of violence" may be released pending appeal "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *See also United States v. Cook,* 42 F. App'x 803, 804 (6th Cir. 2002). In this case, the defendant did not file a reply brief

4

addressing the government's argument and thus has not shown any "exceptional reasons" for why detention is inappropriate. Therefore, because the defendant was convicted of a "crime of violence" and does not fall within the "exceptional reasons" exception, the defendant will be detained pending appeal pursuant to 18 U.S.C. § 3143(b).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendant's motion for bond pending appeal (D.N. 74) is **DENIED**.

December 14, 2016

**David J. Hale, Judge**
**United States District Court**