## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 27, 2016

Mr. Frank W. Heft Jr.
Mr. Donald Jay Meier
Western Kentucky Federal Community Defender, Inc.
629 S. Fourth Avenue
Suite 200
Louisville, KY 40202

Mr. Robert A. Koch
Ms. Tovah R. Calderon
U.S. Department of Justice
Civil Rights Division, Appellate Section
P.O. Box 14403
Washington, DC 20044

Ms. Amanda E. Gregory
Office of the U.S. Attorney
717 W. Broadway
Louisville, KY 40202

Re:  Case No. 16-6592, *USA v. Matthew Corder*
     Originating Case No. : 3:15-cr-00141-1

Dear Counsel:

   The Court issued the enclosed Order today in this case.

                                        Sincerely yours,

                                        s/Renee M. Jefferies for Cheryl Borkowski
                                        Case Manager
                                        Direct Dial No. 513-564-7035

cc:  Ms. Vanessa L. Armstrong

Enclosure

No. 16-6592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 27, 2016 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| MATTHEW B. CORDER, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

Before: BOGGS and STRANCH, Circuit Judges; HOOD, District Judge.[*]

Matthew B. Corder appeals his judgment in a criminal case for deprivation of rights under color of law involving the use of a dangerous weapon and resulting in bodily injury and deprivation of rights under color of law. Corder moves for release pending appeal. The government opposes the motion.

Under 18 U.S.C. § 3143(b)(2), a defendant found guilty of a crime of violence must be detained. A defendant subject to § 3143(b)(2), however, may be released pending appeal if he clearly shows that there are exceptional reasons supporting his release and that he meets the criteria in 18 U.S.C. § 3143(b). Under § 3143(b), a person found guilty of an offense and sentenced to a term of imprisonment must be detained unless a judicial officer concludes (1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of a person or the community, and (2) that his appeal is not for delay and raises a substantial question

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of law or fact likely to result in a reversal, an order for a new trial, a sentence that does not result in imprisonment, or a lesser sentence sufficient to result in his release before the conclusion of his appeal. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

Although the government neither addresses nor concedes the point, there is no real dispute concerning whether Corder is a flight risk or a danger to the community. Corder, however, cannot establish that either of the remaining criteria—exceptional reasons or a substantial issue—support his release.

Corder argues that exceptional reasons support his release because he is not a flight risk, he is not a danger to any person or the community, he is 52-years old, he has no prior criminal history, he has complied with all prior conditions of release, his family will suffer financial hardship if he is incarcerated, he has distinguished himself in service as a police officer, and placing a former law enforcement officer in detention is more dangerous and punitive than for typical people.

We review de novo the district court's determination that a defendant failed to demonstrate exceptional reasons, and will accept the district court's findings of fact unless they are clearly erroneous. *See United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997). We have not published a decision addressing what constitutes an "exceptional" reason, and § 3143 does not outline what constitutes an exceptional reason. But we agree with other courts that exceptional reasons are extraordinary and rare. *See United States v. Larue*, 478 F.3d 924, 926 (8th Cir. 2007) (defining exceptional reasons as "clearly out of the ordinary, uncommon, or rare"); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining exceptional reasons as "a unique combination of circumstances giving rise to situations that are out of the ordinary").

No. 16-6592
-3-

The reasons that Corder provides are not unique or extraordinary. Whether he is a flight risk or a danger to the community are factors he must independently establish to obtain release and, thus, not exceptional or beyond the ordinary. Individuals of all ages commit and are convicted of criminal offenses, and he has not suggested that he has any health conditions that would render his detention more punitive. *See United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). Although Corder does not have a criminal history, there is nothing exceptional about his being a first-time offender or having distinguished himself professionally. *See id.*; *Larue*, 478 F.3d at 926. Nor is there anything unusual about a defendant who, after realizing he is facing serious criminal charges, decides to be on his best behavior. *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007). And, although unfortunate, it is also not unusual or exceptional that several negative collateral consequences follow incarceration, including financial hardship to family members. *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). Certainly, Corder's former employment as a police officer could subject him to harassment from fellow inmates. But that is also true of those that cooperated with authorities, child-sex crime perpetrators, terrorists, and others. *See id.* (affirming that cooperation is not an exceptional reasons supporting release pending appeal). Corder has not established exceptional reasons supporting his release.

The motion for release pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk