UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CRIMINAL ACTION NO. 3:15-CR-141-DJH** |
| **MATTHEW B. CORDER** | **DEFENDANT** |

### UNITED STATES' REPLY TO DEFENSE'S OBJECTION TO PROPOSED RESTITUTION ORDER AND REQUEST FOR HEARING

*Electronically Filed*

The United States of America, by and through undersigned counsel, hereby responds to Defendant's objection to the United States' proposed order for restitution. Defendant does not object to the proposed restitution in the amount of $46.43 for loss of cash and $1,669.10 for loss of wages. Rather, Defendant's only objection is the inclusion of the value of D.B.'s mobile in the restitution order. With respect to the mobile home, Defendant raises two primary objections: (1) the loss of the mobile home is not related to the offense conduct and (2) $6,500 overstates the loss of the mobile home. Each argument is addressed in turn below.

**I.  Defendant's Conduct Caused D.B. to Lose His Mobile Home**

The loss of D.B.'s mobile home was proximately caused by Defendant's false arrest of D.B. D.B. was evicted from Whispering Oaks Mobile Home Park and his mobile home was seized because he fell behind in rent payments. At the time of D.B.'s eviction, the amount he owed in back rent (as opposed to late charges) was $1,650. *See* DN 87-8 (Ex. G). D.B.'s lost wages as a result of his arrest were $1,669.10. *See* DN 87 at 2-3. This exceeds the amount D.B. owed in back rent.

Defendant's false arrest of D.B. had a lasting and predictable effect on D.B.'s finances and his ability to maintain his home. D.B. was arrested and incarcerated by Defendant around October 22, 2014. As a result, he was unable to go to work and lost his job at G&C Communications. DN 87-3 (Ex. B) at 1. He was hired at a temporary job at Kelly Services that started on December 2, 2014, and ended on February 4, 2015. DN 87-4 (Ex. C) at 1. After that, D.B. was unemployed until he was rehired by G&C Communications on March 13, 2015. DN 87-3 (Ex. B) at 1. Defendant does not contest that as a result of losing his job at G&C Communications and being unemployed from October 22, 2014, to December 2, 2014, and from February 2, 2015, to March 13, 2015, D.B. had $1,669.10 in lost wages. DN 88 at 1.

Before D.B. lost his job at G&C Communications, D.B. made an average of only $241 a week. *See* DN 87-3 (Ex. B) at 2. Rent for D.B.'s lot at Whispering Oaks was $330 per month. DN 87-8 (Ex. G). Even assuming a conservative amount of other expenses, this leaves very little excess in a monthly budget. D.B. stated he borrowed money from him father to try to make ends meet. DN 87-2 (Ex. A) at ¶2. However, D.B. started falling behind in his rent in February 2015, DN 87-8 (Ex. G), around the time his employment at Kelly Services ended. He managed to catch up for a period, then fell behind again and did not catch up after September 2015. *See id.* While he did not immediately miss rent payments after his arrest, it is not surprising that the financial impact of the arrest did not hit instantaneously. D.B. was able to turn to his father and likely had cash on-hand to stay afloat temporarily. Ultimately, however, the period of unemployment resulted in a loss of income of $1,669.10. If D.B. had not lost that income, he would have been able to pay the $1,650 he owed in rent. Thus, the arrest, and the lost wages from the arrest, proximately caused the eviction and the loss of the mobile home.

## II. Restitution Related to the Mobile Home Should Be the Value of the Mobile Home

Defendant next argues that even if the loss of the mobile home was caused by Defendant's conduct, D.B. is not owed $6,500 in restitution. D.B. suggests (1) restitution should be offset by money D.B. received from Whispering Oaks after seizure of the mobile home and (2) restitution should be offset by the value of the rent D.B. did not pay while continuing to live at Whispering Oaks.

D.B. did not receive any sort of refund or payment from Whispering Oaks after seizure of his mobile home. Defendant suggests this might have happened as the value of the mobile home exceeded the arrears owed to Whispering Oaks. DN 88 at 2. However, D.B. stated he lost all the money he had invested into the mobile home when the mobile home was seized. *See* Attachment A (Affidavit of Paul Sparke) at ¶ 2. Further, a representative of Whispering Oaks has confirmed that Whispering Oaks did not make any payment or refund to D.B. after seizing his mobile home. *Id*. As such, there is no offset to be made based on refunds made by Whispering Oaks.

There is no statutory basis for Defendant's proposal of offsetting the value of the mobile home with the D.B.'s unpaid rent. D.B. owed Whispering Oaks $1,650 in rent at the time of his eviction. Defendant suggests that restitution should be offset by this amount as D.B. received the benefit of the rent without paying for it. Title 18, United States Code, Section 3663a(b)(1) provides that if an offense results in loss of property, and return of property is not tenable, then the restitution order should provide for "the greater of" the value of the property at loss or the value of the property at sentencing, less "any part of the property that is returned." Here, Defendant's actions resulted in loss of D.B.'s mobile home. No portion of the property

has been returned.   No offset such as what is proposed by Defendant is contemplated under 18 U.S.C. § 3663a.   As such, Defendant is obligated to pay the full value of the trailer.

**III.    Conclusion**

The United States has met its burden of proving loss by a preponderance of the evidence. As such, the United States does not believe a hearing, as proposed by the Defendant, is needed. Instead, the United States respectfully requests that the Court enter the order attached to the United States' original motion, requiring that Defendant pay $46.43 for direct cash loss, $1,669.10 for lost wages, and $6,500 for D.B.'s lost mobile home.   A preponderance of the evidence establishes that Defendant owes D.B. a total of $8,242.53 for these losses.

_____

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

*/s/ Amanda E. Gregory*
AMANDA E. GREGORY
Corinne Keel
Assistant U.S. Attorneys
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 582-5016
Fax: (502) 582-5097

CHRISTOPHER PERRAS
Trial Attorney
U.S. Department of Justice
Civil Rights Division

4

## CERTIFICATE OF SERVICE

On January 30, 2017, the foregoing was filed using the CM/ECF filing system, which will serve opposing counsel via electronic mail.

*/s/ Amanda E. Gregory*
AMANDA E. GREGORY
Assistant U.S. Attorney
