**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**


**v.**                                    **CRIMINAL ACTION NO. 3:15-CR-141-DJH**
                                          (*Filed Electronically*)


**MATTHEW B. CORDER**                                                    **DEFENDANT**

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION**
**FOR STAY OF RESTITUTION ORDER**

The United States, by and through counsel, Corinne E. Keel, Assistant United States Attorney for the Western District of Kentucky, for its opposition to Defendant's Amended Motion for Stay of Restitution Order [DN 93], states as follows: Defendant, Matthew B. Corder, provides no specific grounds of his motion to stay his restitution order. Rather, he bases his motion solely upon his understanding that the Bureau of Prisons may collect money in the future to be paid towards his restitution debt. Because the stay of a sentence to pay restitution is a matter solely within the Court's discretion and because Defendant has presented no compelling argument for the exercise of such discretion, the United States respectfully requests that the Court deny Defendant's Amended Motion for Stay of Restitution Order.

**BACKGROUND**

Defendant was convicted after a jury trial of two counts of willfully depriving a person of constitutional rights under color of law. [DN 1, 50.] This Court sentenced the Defendant to 27 months of imprisonment on Count One, and 12 months of imprisonment on Count Two, to run concurrently. [DN 71.] At the time of sentencing, the Court imposed the required $125.00 special penalty assessment and left the issue of restitution open. [DN 71.] After briefing on restitution by both parties [DN 87-90], the Court ordered Corder to pay restitution to victim D.B. in the amount of $1,965.53 [DN 91].

In his initial motion to stay his restitution order, Defendant made a bare reference, without support or specificity, to money on his "books" in prison having been "forfeited to the government" to "satisfy the restitution ordered in this case." [DN 92.] However, in his amended motion, Defendant concedes that, to date, "there have been no funds taken from Mr. Corder in order to satisfy the restitution amount ordered in this case." [DN 93.] Rather, the amended motion states, "Mr. Corder is of the belief, based on conversations with his counselor, and other officials at the prison where he is housed, that such deductions will occur in the near future." [*Id.*]

While the not specifically named, it appears that the future "deductions" referenced in Defendant's motion would be made pursuant to the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP"), the procedures for which are found at 28 C.F.R. § 545.11. Depending on whether an inmate works in a trade while incarcerated, the IFRP sets minimum payments at either $25 per quarter or 50% of monthly pay earned while incarcerated. *See* 28 C.F.R. § 545.11(b). In either case, higher payments may be required upon consideration of an inmate's specific obligations and resources. *Id.* The same regulation further explains the consequences of refusing to participate in the IFRP, including the loss of certain privileges during the term of incarceration. *See* 28 C.F.R. § 545.11(d). Defendant's motion fails to indicate whether he stated an objection to the Bureau of Prisons. It appears that Defendant is merely seeking to step outside the Bureau of Prisons process in order to avoid the normal adverse consequences for refusing to contribute through the IFRP.

To date, Defendant has made just one payment toward his monetary penalties in this case. Corder paid $150.00 to the Clerk of this Court on January 23, 2017. (*See* United States' Consolidated Debt Collection System (CDCS) Matthew B. Corder Payment History Report (redacted), generated August 3, 2017, attached hereto as Exhibit A.) Of that sum, $125.00 was applied to pay Defendant's special penalty assessment and the remaining $25.00 was applied to

2

pay victim restitution. (*Id.*) Accordingly, Corder owes a remaining balance of $1,940.53 in victim restitution.

Aside from the fact that he filed an appeal and has general apprehension that victim restitution will be collected from him in the near future, Corder offers no additional reasons why the Court should exercise its discretion to stay the order of restitution pending appeal. [*See* DN 93.]

## **ARGUMENT**

### **Defendant Has Not Met His Burden to Show Why the Court Should Exercise Discretion to Stay its Restitution Order**

Under Rule 38 of the Federal Rules of Criminal Procedure, the Court has broad discretion to determine whether the stay of a sentence to pay restitution is appropriate. Fed. R. Crim. P. 38(e)(1) ("If the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556[.]"). As noted by the Supreme Court of the United States, "it has always been held, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 129 S. Ct. 1749, 1754 (2009) (internal citations and quotations omitted).

Rule 38 further provides mechanisms to ensure compliance with restitution orders, even in the event of a stay.

> The court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including:
>
> (A) a restraining order;
> (B) an injunction;
> (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or

3

(D) an order requiring the defendant to post a bond.

Fed. R. Crim. P. 38(e)(2).

In this case, Defendant fails to offer any justification for a stay of his order of restitution pending appeal. Rather, he simply states that he has filed an appeal and apparently hopes to avoid future collection efforts before that appeal is decided. Defendant neither cites his likeliness of success on the merits of his appeal nor any irreparable harm—or even hardship—he would suffer due to collection of his restitution debt in the "near future." Though Defendant fails to raise these grounds for a stay, the United States will address each briefly.

In interpreting Rule 38(e), other district courts within the Sixth Circuit have entertained arguments regarding the likelihood of success on appeal. *See, generally United States v. Keifer*, 2012 U.S. Dist. LEXIS 126451 (S.D. Ohio Sept. 6, 2012); *United States v. Geiger*, 2006 U.S. Dist. LEXIS 24208 (E.D. Tenn. Mar. 22, 2006) (both denying the motion for a stay of restitution upon consideration of the defendant's likelihood of success on appeal). Defendant fails to raise such grounds in support of a stay of restitution pending appeal, likely because the Court has already addressed the issue. In its Order denying Defendant's motion for bond pending appeal, the Court found that "Corder ha[d] not demonstrated that his appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or change in sentence." [DN 85.] For the same reason, a stay of restitution is not appropriate, because there is no showing of likelihood of success on the merits of Corder's present appeal.

Defendant further fails to allege that collection of his restitution debt, though the IFRP or otherwise, will cause him irreparable harm (or any hardship for that matter). In *United States v. Geiger*, the defendant argued for a stay of restitution under Rule 38(e), offering in part that he

4

had complied with required quarterly payments while incarcerated and because the United States had already collected $600,000.00 (against his roughly $6 million restitution debt). 2006 U.S. Dist. LEXIS 24208, at *3-4 (E.D. Tenn. Mar. 22, 2006). The court in *Greiger* noted its pleasure at the defendant's compliance with its orders, but found no justification for a stay. *Id.* at *4. Even considering the significant amount of restitution already collected and distributed to victims, the *Greiger* court found the defendant had an adequate remedy in seeking later remission of collected monies and/or assets, if he were victorious in his appeal before the Sixth Circuit. Here, Corder faces a relatively small restitution debt and, in filing the present motion, shows resistance even to the small quarterly payments contemplated in *Greiger*. Indeed, he has made only one payment toward the Court-ordered monetary obligations in this case. Defendant does not demonstrate any hardship worthy of a stay of enforcement.

The imposition of victim restitution in this case is mandatory. 18 U.S.C. § 3663A(c). Further, the Crime Victim's Rights Act provides for a victim's right to "full and timely restitution as provided in law" and requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States . . . [to] make their best efforts to see that crime victims are notified of, and accorded, the rights" afforded to them under the Act. 18 U.S.C. § 3771(a)(6) & (c)(1). Even the very substance of Rule 38 demonstrates the primacy of victim restitution in sentencing, as it offers the Court broad discretion to ensure eventual compliance by restraining defendants and their assets. *See* Fed. R. Crim. P. 38(e)(2). Corder has offered no reasons at all for the court to grant a stay of restitution—and certainly has given no countervailing justification for why his pending appeal should delay justice to his victim any further.

5

## **CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests the Court DENY

Defendant's Amended Motion for Stay of Restitution Order [DN 93] and enter the United States'

proposed order.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

   */s/ Corinne E. Keel*
CORINNE E. KEEL
Assistant U.S. Attorney
717 W. Broadway
Louisville, Kentucky    40202
Phone: (502) 625-7041
Fax: (502) 625-7110

6

## <u>CERTIFICATE OF SERVICE</u>

On August 4, 2017, the foregoing was filed with the Court and served on opposing counsel via the Court's CM/ECF system.

_/s/ Corinne E. Keel_
CORINNE E. KEEL
Assistant U.S. Attorney
717 W. Broadway
Louisville, Kentucky   40202
Phone: (502) 625-7041
Fax: (502) 625-7110
