UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:15-cr-141-DJH-1

MATTHEW B. CORDER, Defendant.

\* \* \* \* \*

## ORDER

Following a jury trial, Defendant Matthew Corder was convicted on two counts of willfully depriving a person of their constitutional rights under the color of law, in violation of 18 U.S.C. § 242. (Docket No. 50) Thereafter, the Court ordered Corder to pay $1,965.43 in restitution to the victim. (D.N. 91) In a motion and amended motion Corder now seeks a stay of the restitution order pursuant to Fed. R. Crim. P. 38(e), pending his appeal. (D.N. 92; D.N. 93) Specifically, Corder wishes to avoid deduction from his prison account to satisfy the forfeiture obligation. "[B]ased on conversations with his counselor, and other officials at the prison where he is housed," Corder believes that the government will soon begin deducting money from his prison account to satisfy the restitution order. (D.N. 93) Corder acknowledges that no funds have yet been taken. (*Id.*)

The United States opposes Corder's motion. (D.N. 94) The government argues that Corder has not provided sufficiently "specific grounds to stay his restitution order" under Rule 38(e). (*Id.*, PageID # 1497) Indeed, Corder does not argue that deductions from his prison account will cause hardship. The government also points to an administrative procedure, set out in 28 C.F.R. § 545.11, which governs the procedure for payments from inmate accounts. (*Id.*) Corder's motions do not address this process, known as the Bureau of Prisons Inmate Financial

1

Responsibility Program. The IFRP appears to provide an orderly and measured procedure for inmate payments toward their financial obligations. And it has been "implicitly endorsed" by the Sixth Circuit. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001).

Corder's sole argument appears to be that the restitution order would be reversed if his appeal succeeds. But this argument is unavailing. "The 'fact that the monetary penalties could be reversed on appeal is unpersuasive; if the judgment is reversed, the Defendant can move that the government return his money.'" *United States v. Bird*, No. 2:09CR15, 2009 WL 4801374, at *2 (W.D.N.C. Dec. 8, 2009) (alterations omitted) (quoting *Beardslee v. United States*, No. CR-94-0186-DLJ, 2008 WL 4334711 (N.D. Cal. Sept. 19, 2008)). Further, the Court previously found that "Corder has not demonstrated that his appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or change in sentence" and thus the likelihood of success on appeal is limited. (D.N. 85, PageID # 1432) *See United States v. Keifer*, No. 2:08-CR-162, 2012 WL 3878194, at *2–4 (S.D. Ohio Sept. 6, 2012) (denying a motion to stay enforcement of criminal monetary penalties because the defendant was unlikely to be successful on appeal).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the defendant's motions to stay the restitution order (D.N. 92; D.N. 93) are **DENIED**.

August 24, 2017

**David J. Hale, Judge
United States District Court**